STERN et al., Appellants,

v.

WHITLATCH & COMPANY et al., Appellees.

[Cite as *Stern v. Whitlatch & Co.* (1993), 91 Ohio App.3d 32.]

Court of Appeals of Ohio,
Summit County.

No. 16126.

Decided Oct. 6, 1993.

*John E. Duda,* for appellants.

*Mark C. Pirozzi,* for appellees.

BAIRD, Judge.

This cause comes before the court upon the appeal of Curt and Hildegard Stern from a judgment in the Summit County Court of Common Pleas granting a motion to dismiss filed by appellees, Whitlatch & Company and William Whitlatch, and awarding attorney fees to the appellees. We affirm the trial court's granting of the motion to dismiss, but reverse the trial court's awarding of attorney fees.

Litigation between the parties began in March 1990 when Whitlatch & Co. filed a breach of contract action against the Sterns. This action sought $3,000 held in escrow by the Sterns, pending satisfactory completion of a condominium in Twinsburg, Ohio. In response, the Sterns filed a counterclaim, seeking damages of $880,000 for unworkmanlike construction of the condominium.

In 1990, the Sterns voluntarily dismissed the counterclaim and refiled nearly identical claims in federal district court. In April 1991, the district court dismissed the action and stated that it was exercising discretionary abstention to avoid duplicative litigation and that all of the Sterns' claims were properly part of the original common pleas case. This decision was appealed, and the federal circuit court affirmed the district court's decision.

Despite the district court's holding, the Sterns never refiled the counterclaims in the original lawsuit. The original claim proceeded to trial, and the jury found that the Sterns owed Whitlatch & Co. $3,000, as the condominium was constructed in a workmanlike manner. This court affirmed that decision in all material

respects in *Whitlatch & Co. v. Stern* (Aug. 19, 1992), Summit App. No. 15345, unreported, 1992 WL 205071.[1]

On April 8, 1992, the Sterns filed a complaint against Whitlatch & Co. and William Whitlatch. Upon a motion to dismiss, the court found that the complaint stemmed from the same contract for the purchase of the condominium and dismissed the case based upon *res judicata* and collateral estoppel. The court also granted appellees' motion to tax attorney fees as court costs.

It is from this order that the Sterns now appeal, asserting five assignments of error.

### Assignments of Error

"I. The trial court erroneously dismissed the Sterns' causes of actions as compulsory counterclaims—the counterclaims in the earlier suit had been voluntarily dismissed without prejudice and, as a result, could be refiled in a subsequent action."

"III. The trial court erroneously dismissed the Sterns' breach of contract action—the issues involved in the present suit were not determined in the earlier suit and, as a result, are not barred by *res judicata* (claim preclusion) or collateral estoppel (issue preclusion)."

Appellants argue that, assuming the claims filed in the third lawsuit were compulsory counterclaims, they had been filed and then dismissed without prejudice and, therefore, could be filed again in a later action. Appellants also allege that, as the first action was brought against Whitlatch & Co. and the third action was brought against Whitlatch & Co. and William Whitlatch, the third action was not barred as to William Whitlatch.

A brief review of the claims filed in each action is in order. The four counterclaims filed by the Sterns in the first action included claims for breach of contract, slander of title based on the filing of a fraudulent mechanics' lien, equitable relief to avoid the mechanics' lien, and damages and repairs to streets and other condominiums in the development. The district court case included the same four claims, plus a claim for misrepresentation on the disclosure statement involved in the sale of the condominium and a claim for outrage based upon a collection suit filed by Whitlatch & Co. for release of the escrowed funds. The final lawsuit alleged all of these claims, plus a new claim for slander of title based upon the filing of a fraudulent judgment lien.

---

1. This court reversed the trial court's opinion regarding the court's requirement that the Sterns post a $3,000 bond, when $3,000 was already being held in escrow.

■ We find that the claims for breach of contract, slander of title based upon the filing of a fraudulent mechanics' lien, equitable relief to void the mechanics' lien, damages to the streets and other condominiums, and the misleading disclosure statement were compulsory counterclaims to the first lawsuit because they all arose out of the same transaction which was the subject matter of that case. Civ.R. 13(A). As such, the Sterns were barred from bringing the claims again, and the trial court properly dismissed these claims. *Geauga Truck & Implement Co. v. Juskiewicz* (1984), 9 Ohio St.3d 12, 14, 9 OBR 61, 62–63, 457 N.E.2d 827, 828–829.

■ The appellants argue, however, that, even assuming that the claims were compulsory counterclaims, they were not barred from asserting them in the later action because they were raised in the first action and then voluntarily dismissed without prejudice. Appellants claim that, although Civ.R. 13(A) required them to file the compulsory counterclaims in the first action, Civ.R. 41(A) and Civ.R. 41(C) allowed them to dismiss the action without prejudice. The Sterns argue that, as the claims were dismissed without prejudice, they could refile them in the later lawsuit. They contend that the requirements of Civ.R. 13(A) are met upon the mere filing of the compulsory counterclaims, because the opposing party is then put on notice of the claims. The appellants cite *Beta II, Inc. v. Fed. Ins. Co.* (Aug. 15, 1984), Hamilton App. No. C–830779, unreported, 1984 WL 6951, as support for their argument that compulsory counterclaims which are filed, but then later dismissed, may be brought again in a later lawsuit.

We note that *Beta II* stated only that the court was "not prepared to state * * * that there are no circumstances under which a party who has voluntarily dismissed his compulsory counterclaims without prejudice in a prior action cannot later proceed in a second action on the same claim."

Furthermore, we find that, under the circumstances of this case, appellants could not refile the compulsory counterclaims after they had voluntarily dismissed them in the first lawsuit. Civ.R. 13(A) bars the later filing of compulsory counterclaims which were not set forth in the first lawsuit. *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 403, 536 N.E.2d 22, 23–24. Although appellants did file the counterclaims in the first lawsuit, the claims were later dismissed. Allowing the claims to be once again filed in a later lawsuit runs afoul of the purpose of the rule, that is, to promote the resolution of all claims arising from the same occurrence or transaction as that involved in the original claim. *Lenihan v. Shumaker* (May 6, 1987), Summit App. No. 12814, unreported, at 3, 1987 WL 10916.

■ Appellants also claim that they were not barred from bringing these claims against William Whitlatch because he was not a party to the first lawsuit.

We find, however, that the claims are barred under principles of collateral estoppel. The doctrine of collateral estoppel, which is part of the general theory of *res judicata*, was set forth in *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph three of the syllabus:

"A point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different." See, also, *Walden v. State* (1989), 47 Ohio St.3d 47, 51, 547 N.E.2d 962, 965–966; *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 734, 443 N.E.2d 978, 981.

It is well recognized, in determining whether the same parties are involved in two lawsuits, that courts must look beyond the nominal parties to the substance of the case in order to determine the real parties in interest. *Trautwein v. Sorgenfrei* (1979), 58 Ohio St.2d 493, 501, 12 O.O.3d 403, 407, 391 N.E.2d 326, 331. It is evident, in this case, that William Whitlatch, president of Whitlatch & Co., was a real party in interest in the first lawsuit and that any claims against him should have been raised in that case. As the claims were not raised at that time, they are now properly barred.

The first and third assignments of error are overruled.

### Assignment of Error IV

"The trial court erroneously dismissed the Sterns' claims for slander of title—Sterns' allegation that the lien was fraudulent does state a separate claim on which relief can be granted."

Appellants allege error in the trial court's dismissal of the claims for slander of title for filing fraudulent mechanics' and judgment liens because they failed to state a claim upon which relief can be granted. As we have found that the claim for slander of title for filing a fraudulent mechanics' lien was a compulsory counterclaim and is now barred (assignments of error one and three), we need only address the claim for slander of title based upon the fraudulent filing of a judgment lien.

Appellants claim that the appellees fraudulently filed a judgment lien, after disposition of the original lawsuit, because the money to pay the $3,000 judgment was already being held in escrow and was available to the appellees. Appellees argue, however, that the escrowed amount was not available because the appellants did not pay court costs and the money was, therefore, not released.

Appellants have cited no Ohio authority to support their claim that slander of title based upon the filing of a fraudulent judgment lien is a valid cause of action.

Even if it were, however, the facts of this case do not support a finding of fraud. The filing of a valid judgment lien cannot be said to be fraudulent just because the party who files has an alternate way to collect on the judgment.

The fourth assignment of error is not well taken.

## Assignment of Error II

"The trial court erroneously dismissed the Sterns' causes of action—the new claims would have been permissive counterclaims in the earlier suit."

Appellants next argue that the dismissed claims were not compulsory counterclaims, but were permissive counterclaims which they were not required to file in the first lawsuit.

We have already held that five of the Sterns' seven claims were compulsory counterclaims (assignments of error one and three) and that one of the slander of title claims did not state a claim upon which relief could be granted under the facts of this case (assignment of error four). Therefore, only the claim for outrage due to the filing of the initial $3,000 suit by Whitlatch & Co. remains. The trial court found that this was a compulsory counterclaim, while appellants argue that it sets forth a separate tort which was only a permissive counterclaim in the original lawsuit.

We find that the claim does not set forth a claim upon which relief can be granted, as Ohio law does not recognize the "tort" of "outrage." Therefore, the claim was properly dismissed by the trial court.

The second assignment of error is not well taken.

## Assignment of Error V

"The trial court erroneously awarded attorney's fees to Whitlatch—the Sterns had a good faith belief that the doctrines of *res judicata* and collateral estoppel would not bar their present suit and that they had separate and distinct new claims raising new issues against both same and different parties."

Appellants allege that the trial court erred in taxing attorney fees as court costs as sanctions against the appellants.

The trial court has broad discretion in awarding attorney fees as sanctions. The prevailing party may be entitled to attorney fees if the other party is found to have acted in bad faith, or if he acted vexatiously, wantonly, or for oppressive reasons. *Oakwood v. Makar* (1983), 11 Ohio App.3d 46, 49, 11 OBR 79, 81, 463 N.E.2d 61, 66. A party is not acting in bad faith if the claim is warranted under existing law or by a good faith argument for extension, modification, or reversal of existing law. See Civ.R. 11; R.C. 2323.51; *Biesiada*

*v. Beck* (June 23, 1993), Summit App. No. 15997, unreported, at 4, 1993 WL 216278.

We find that appellants presented a good faith argument for extension of existing law and that, therefore, the trial court abused its discretion in awarding attorney fees. As discussed above, there was some ambiguity as to whether a voluntarily dismissed counterclaim can be refiled after disposition of the original case, under Civ.R. 13(A) and Civ.R. 41(C). Furthermore, in the only Ohio case cited which addresses the issue, the court refused to dispositively decide the issue. *Beta II, Inc., supra.*

Appellants' fifth assignment of error is well taken. The judgment of the trial court is modified to delete the awarding of attorney fees, and, as modified, the judgment is affirmed.

*Judgment accordingly.*

COOK, P.J., and REECE, J., concur.