DECISION AND JOURNAL ENTRY
Appellant-plaintiff Anthony DeNigris appeals from the judgment of the Medina County Municipal Court that granted summary judgment to appellee-defendant Shirley Ann Walker. This Court affirms.
On July 2, 1998, DeNigris filed a complaint in the municipal court against Walker, alleging that Walker owed him $3,333.33 plus interest for back rent, damages, and cleaning costs for a barn containing horse stalls owned by DeNigris and formerly rented to Walker. Walker had used the barn to house horses.
Walker filed an answer on July 27, 1998, in which she raised the affirmative defense of res judicata. Walker asserted that the matter had previously been heard in Medina Municipal Court Case No. 98CVI00217 in that she had been "granted judgment" on a counterclaim brought by DeNigris due to his failure to prosecute in that case. Both parties filed dispositive briefs on the relevant facts and law by leave of the trial court. Thereafter, on February 3, 1999, Walker moved for summary judgment. Accompanying her motion was an affidavit in which she stated,inter alia, the following:
 2. That she was the Plaintiff in the small claims case of Walker v. DeNigris, [sic] Case No. 98CVI00217, filed in this court that, despite the filing of an answer and counterclaim by the defendant, went to default judgment against the defendant, DeNigris on May 13, 1998 due to his non-appearance.
 3. That subsequent to that judgment being entered the Defendant refiled his counterclaim as a new Complaint, raising the amount sought, in the Medina Municipal Court Civil Division.
 4. That in answer to the complaint filed by DeNigris, now the plaintiff, the Defendant raised the affirmative defense of res judicata [sic].
In response to this motion, DeNigris filed a "Memorandum of Law" on March 2, 1999, in which he stated that his counterclaim in the prior suit had been dismissed and that it had not been a compulsory counterclaim under Civ.R. 13(A). DeNigris further stated in his memorandum that his new complaint "also includes an amount for cleaning up his premises which was not even determined when [Walker] filed her lawsuit." However, DeNigris failed to attach any supporting material to his memorandum.
On March 19, 1999, a magistrate issued a decision in which it found Walker's motion for summary judgment well taken and dismissed DeNigris' complaint with prejudice. DeNigris objected to the magistrate's decision; the trial court subsequently implicitly overruled these objections, adopted the magistrate's decision, and entered judgment in favor of Walker on April 16, 1999.
DeNigris timely appeals, asserting one assignment of error:
 THE LOWER COURT'S DECISION GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WAS NOT APPLICABLE TO APPELLANT'S CLAIM FOR DAMAGES RESULTING FROM APPELLEE'S NOT CLEANING THE PREMISES, AS APPELLANT HAD NO KNOWLEDGE OF THIS WHEN HE FILED HIS LAWSUIT.
In his sole assignment of error, DeNigris asserts that "Stern v. Whitlatch and Co. 91 Ohio App.3d 32, 631 N.E.2d 680, (1993) [sic] is not applicable as Appellant's cause of action did not exist at the time Appellee's lawsuit was decided, nor did Appellant have any idea how much it would cost to clean up Appellee's mess and repair Appellant's barn." The rationale behind the claim that DeNigris' cause of action did not exist at the time of the earlier suit is that the failure to maintain the barn, to pay back rent, and to pay for the alleged damage to his barn "were not discovered by [DeNigris] until after April 23, 1999 * * *." This Court finds DeNigris' argument unpersuasive.
An appellate court conducts a de novo review of a grant of summary judgment. Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Summary judgment should only be granted to a moving party if no genuine issue of material fact exists and that party is entitled to judgment as a matter of law. Parenti v.Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. In making such a determination, a court must construe the evidence most strongly in favor of the nonmoving party. Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, 686-687. Additionally, as this Court has explained, "[i]t is the moving party's initial burden to identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Once this initial burden is met, the nonmoving party may not rest on its pleadings, but must set forth specific facts showing a genuine issue of material fact." Burchell v. Kenneth Young RealtyAssociates, Inc. (Mar. 22, 2000), Lorain App. No. 98CA007214, unreported, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(E). Should the nonmoving party fail to respond with a supporting "affidavit or as otherwise provided in [Civ.R. 56]," then "summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
In the instant case, DeNigris failed to counter Walker's motion for summary judgment with any evidence of the type contemplated in Civ.R. 56; his wholly unsupported motion cannot raise an issue of material fact. See, e.g., Helms v. Armsey (Mar. 15, 2000), Summit App. No. 19435, unreported. Therefore, this Court's determination turns on whether the grant of summary judgment in Walker's favor was appropriate.
DeNigris argued below in his memorandum of law that his claim against Walker was not a compulsory counterclaim pursuant to Civ.R. 13(A), and that, even if it were, the trial court had not heard the claim on its merits. Civ.R. 13(A), which governs compulsory counterclaims, provides:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
 The Supreme Court of Ohio has interpreted this rule to require that "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." Rettig Enterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274, paragraph one of the syllabus. In determining what constitutes "the same transaction or occurrence," that Court has explained that "`[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. That they are not precisely identical, or that the counterclaim embraces additional allegations * * * does not matter." Id. at 278, quoting Moore v. New York Cotton Exchange (1926), 270 U.S. 593, 610, 70 L.Ed. 750, 757. Accordingly, the Supreme Court of Ohio has adopted the "logical relation" test, which provides that "a compulsory counterclaim is one which is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." Id. at paragraph two of the syllabus. Therefore, "multiple claims are compulsory counterclaims where they `involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" Id. at 279, quoting Great Lakes Rubber Corp. v. Herbert Cooper Co. (C.A.3, 1961) 286 F.2d 631, 634. Given this test, this Court agrees with the rationale of the trial court that DeNigris' claim for damages, cleaning fees, and back rent is logically related to Walker's claim against DeNigris for damages she suffered as a result of their business relationship.[1] Because both claims arose from the same transaction, DeNigris' counterclaim was compulsory under Civ.R. 13(A).
The dismissal of that counterclaim was for failure to prosecute. Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." This rule is equally applicable to the dismissal of counterclaims. Civ.R. 41(C). Such a dismissal "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3).
Although the wording of Walker's affidavit refers to a default judgment, both parties agree on appeal that DeNigris' counterclaim was dismissed. Further, Walker's affidavit indicates that DeNigris' counterclaim in the first lawsuit was the same as DeNigris' claim in the case below, with essentially only an increased amount of alleged damages asserted in the latter claim. The Supreme Court of Ohio has explained that, "[i]f the dismissal is with prejudice, the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried. Thus, an action dismissed `with prejudice' is vulnerable to the defense of res judicata." (Emphasis deleted.) Chadwick v. Barna Lou, Inc. (1982), 69 Ohio St.2d 222,226, quoting Staff Note to Civ.R. 41.[2] Accordingly, DeNigris' claim is defeated by res judicata. See Grava v. Parkman Township
(1995), 73 Ohio St.3d 379, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."). Even if DeNigris had not
asserted his counterclaim in the prior action, his new complaint still originated from the same basic transaction from which the prior litigation arose; as such, DeNigris' cause of action was a compulsory counterclaim and would still have been barred by res judicata. SeeQuintus v. McClure (1987), 41 Ohio App.3d 402, 403, citing InterstateSteel Erectors, Inc. v. H. L. Wolff, Inc. (1984),17 Ohio App.3d 173 ("Failure to assert a compulsory counterclaim acts as a bar to the litigation of the counterclaim in a subsequent lawsuit. Thus, failure to assert a compulsory counterclaim constitutes resjudicata.").
This Court cannot say that the trial court erred in adopting the magistrate's decision and in entering summary judgment in favor of Walker. The judgment of the Medina County Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ DONNA J. CARR
BAIRD, P.J., SLABY, J., CONCUR.
[1] DeNigris' argument that the rationale in Stern v.Whitlatch (1993), 91 Ohio App.3d 32, is inapplicable is not well taken. Although DeNigris asserted in his memorandum of law response to the summary judgment motion that he had no idea of the full repair and cleaning costs at the time of the prior litigation, his argument was not supported with an affidavit or other evidence supporting this assertion. Further, his argument on appeal that the "cause of action [in the instant case] did not exist at the time [Walker's] lawsuit was decided" is both unsupported by the record and contrary to the parties' characterizations of the former and instant causes of action; neither side disputes that DeNigris sought back rent and compensation for damages in both of his claims. The basis of both claims appears to be the same, then, with the only difference being that DeNigris claimed increased damages in the second lawsuit. Therefore, the rationale in Stern, which relies upon this Court's explication of Civ.R. 13(A) in Quintus, informs the decision in the instant case. See Stern, supra, at 36.
[2] This Court notes that although Chadwick specifically deals with dismissals under Civ.R. 41(A), the analysis found in the Staff Note and adopted by the Supreme Court of Ohio applies to the entirety of Civ.R. 41.