OPINION
{¶ 1} Appellant, Aaron Carlton, appeals from a judgment of the Portage County Municipal Court, Kent Division, granting a motion to dismiss his complaint against appellees, Lawrence P. Montz ("Montz"), d.b.a. Alar Development Company.
 {¶ 2} The relevant facts are as follows. On February 27, 1998, appellant entered into a written contract with appellees. Pursuant to the contract, appellees agreed to construct a residence on appellant's land in Kent for $207,703.89. Appellant paid the amount due under the contract and moved into the home in August 1998. However, due to cost overruns, the parties agreed that appellant would pay an additional $6,000 for the home construction. In September 1999, appellant mailed appellees a check for $3,000 along with a note stating "here is half of the money that we owe you. Thank you for your patience and understanding." On August 19, 2002, appellees filed a complaint against appellant in the Kent Division of Portage County Municipal Court seeking payment of the remaining $3,000 balance due. In response, appellant filed a counterclaim alleging damages for appellees' failure to perform services under the contract. Appellant also sought damages pursuant to the Consumer Sale Practices Act. On October 27, 2003, appellant voluntarily dismissed his counterclaim pursuant to Civ. R. 41(1)(A). Appellees' claim proceeded to trial and the court entered judgment against appellant for $3,000.
 {¶ 3} On July 15, 2004, appellant filed a complaint against appellees labeled as a refiling of his "original-counterclaim" in the prior case. November 1, 2005, appellees filed a motion to dismiss and motion for summary judgment. In their motion, appellees argued that appellant's claim was barred by res judicata pursuant to Civ. R. 13(A). April 18, 2006, the court granted appellees' motion to dismiss and further ordered that appellees' motion for summary judgment was moot.
 {¶ 4} It is from that judgment that appellant filed a timely appeal asserting the following sole assignment of error:
 {¶ 5} "The trial court erred in granting [appellees'] [m]otion for [s]ummary [j]udgment."
 {¶ 6} As to his sole assignment of error, appellant incorrectly asserts that the court granted appellees' motion for summary judgment. In its judgment entry, the court dismissed appellant's complaint pursuant to Civ. R. 41 and further ordered appellees' motion for summary judgment "moot."
 {¶ 7} It is the duty of the appellant to properly set forth assignments of error in his brief. App. R. 16(A)(3). Further, pursuant to App. R. 12(A), we are not required to address issues not specifically assigned as error and briefed. However, in his assignment of error, appellant sets forth an argument to support a claimed error relating to the court's dismissal of his claim. Thus, in the interest of justice, we elect to review his argument regarding the dismissal of his claim.
 {¶ 8} Appellant argues that the court erred by failing to apply R.C. 2305.19 to the refiling of his counterclaim as a complaint in the second lawsuit. For the reasons that follow, we disagree.
 {¶ 9} R.C. 2305.19 is a savings statute permitting a plaintiff to refile a claim that would otherwise be time-barred. R.C. 2305.19
provides in part: "(A) In any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
 {¶ 10} Relying on Frysinger v. Leech (1987), 32 Ohio St.3d 38, appellant argues that R.C. 2305.19 applies to voluntary dismissals pursuant to Civ. R. 41(A)(1)(a). In Frysinger, the Supreme Court of Ohio held that voluntary dismissals without prejudice pursuant to Civ. R. 41(A)(1) fall within the purview of R.C. 2305.19, as a claim failing "otherwise than upon the merits." Id. at paragraph two of the syllabus.
 {¶ 11} While we do not disagree with appellant's interpretation that R.C. 2305.19 applies to claims which are voluntarily dismissed, we conclude that R.C. 2305.19 is inapplicable to the facts of this case. In its judgment entry, the court did not find that appellant's claim was time barred. Further, there is no evidence in the record that the issue of the statute of limitations was raised or addressed by the court. Rather, in its judgment entry, the court dismissed appellant's complaint based upon appellant's voluntary dismissal of his compulsory counterclaim in the prior action.
 {¶ 12} Civ. R. 13(A) governs compulsory counterclaims and provides in pertinent part that: "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." This rule, like the doctrine of res judicata, is a rule of procedure designed to avoid multiplicity of suits by requiring in one action the litigation of all existing claims arising from a single transaction or occurrence, no matter which party initiates the action. Rettig Enterprises, Inc. v. Koehler (1994),68 Ohio St.3d 274, 278.
 {¶ 13} Civ. R. 13(A) has been held to require a defendant to assert any counterclaim which he may have arising out of the transaction which is the subject matter of the complaint and that the defendant's failure to do so constitutes res judicata once the original action reaches a final judgment. Rettig at 279; see, also, Quintus v. McClure (1987),41 Ohio App.3d 402, 403-404. "This bar operates even though a party has voluntarily withdrawn a compulsory counterclaim." L.M. Lignos Enters. v.Beacon Ins. Co. of Am., 8th Dist. No. 70816, 1997 Ohio App. LEXIS 496, at 3; Stern v. Whitlatch (1993), 91 Ohio App.3d 32, 36.
 {¶ 14} In its judgment entry of dismissal, the court found that appellant's counterclaim in the prior action was compulsory pursuant to Civ. R. 13(A). Thus, the court concluded that appellant's voluntary dismissal of that counterclaim, operated as a bar to appellant's claims in his complaint.
 {¶ 15} We emphasize that the crux of this case is whether appellant's counterclaim was compulsory in the prior case and not whether it was time barred. However, appellant failed to assign or argue any error on appeal with respect to whether his counterclaim was compulsory. Therefore, appellant has conceded the correctness of the trial court's ruling on this issue. See App. R. 12(A)(1)(b).
 {¶ 16} Based upon the foregoing, appellant's sole assignment of error is without merit. The judgment of the Portage County Municipal Court, Kent Division, is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
WILLIAM M. O'NEILL, J., dissents.