**McCLURE et al., Plaintiffs,**

v.

**FISCHER ATTACHED HOMES et al., Defendants.**

2008-Ohio-2676.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2006 CVH 1807.

Decided March 5, 2008.

See also, 145 Ohio Misc.2d 38, 882 N.E.2d 61.

58

Charles and Shirley McClure, pro se.

Frost Brown Todd, L.L.C., and Stephen M. Gracey, for defendant Mort Simpson.

Mark Wilder, pro se.

HADDAD, Judge.

{¶ 1} This cause is before the court on separate motions for attorney fees filed by the defendants Mark Wilder and Mort Simpson. Upon consideration of the oral arguments of the parties, the evidence presented in the pending case, and pursuant to the Relief from Stay issued by the bankruptcy court, the court now renders the following decision.

## FINDINGS OF FACT

{¶ 2} The first action that the plaintiffs filed in the Clermont County Court of Common Pleas occurred on January 6, 2006, in case number 2006 CVH 0027, and was premised upon an increase in homeowners' association fees that the plaintiffs felt they were not obligated to pay. The defendant Villas in the Park Homeowners' Association filed a counterclaim/third-party complaint against the plaintiffs for past-due fees and moved to foreclose on the plaintiffs' home. The defendant then filed a motion for summary judgment on the plaintiffs' claims, as

well as on their counterclaim/third-party complaint against the plaintiffs, and the court granted their motion on December 22, 2006.

{¶ 3} On January 12, 2006, while case number 2006 CVH 0027 was pending, the plaintiffs filed a lien in the Clermont County Recorder's Office on Mort Simpson's personal residence, located at 1238 Villa Parke, Amelia, Ohio, allegedly as a result of both Simpson's cutting down and removing trees from behind the plaintiffs' residence and the defendants' failure to render services. The plaintiffs alleged that Simpson owes an estimated $20,000 for services not rendered and for damages.

{¶ 4} While the motion for summary judgment was pending in case number 2006 CVH 0027, the plaintiffs brought the present action, case number 2006 CVH 180, against the defendants, alleging malicious prosecution. The court rendered a decision on the record on April 6, 2007, granting Wilder's motion for summary judgment and Simpson's motion to dismiss. Final judgments memorializing this decision were filed on April 17, 2007. Wilder then filed a motion for attorney fees on May 15, 2007.

{¶ 5} Included within Simpson's motion to dismiss were four counterclaims against the plaintiffs. The defendants sought summary judgment on all counterclaims against the plaintiffs. Those counterclaims consisted of the following: (1) a claim to quiet title, (2) a claim for slander of title, (3) a claim for fraudulent filing of a mechanic's lien, and (4) an action requesting that this court declare the plaintiffs vexatious litigators. In a written decision filed on October 29, 2007, the court granted summary judgment as to the defendant's first counterclaim and quieted Simpson's title. The court denied summary judgment as to the remaining counterclaims, and those claims are pending. Simpson then filed his motion for attorney fees on January 24, 2008, requesting an award of fees for the counterclaim upon which the court granted summary judgment.

{¶ 6} The court notes that the plaintiffs filed bankruptcy in the United States Bankruptcy Court, Southern District of Ohio, Cincinnati Division, case Number 1:07–bk–12680, while Simpson's motion for summary judgment and Wilder's motion for attorney fees were pending. All proceedings in Clermont County were stayed at that point, pending the outcome of the bankruptcy. The court was notified on October 9, 2007, that Simpson had obtained a Relief from Stay of Bankruptcy, as evidenced by the October 2, 2007 Order Granting Amended Motion for Relief from the Automatic Stay issued by the bankruptcy court. The court then received, on December 21, 2007, a motion to reactivate the case as to Wilder's pending motion for attorney fees. Attached was an order from the bankruptcy court stating that Wilder's claims were related to those of Simpson and the homeowner's association; therefore, the automatic stay was lifted as to Wilder as well.

## LEGAL ANALYSIS

### *Defendant Mark Wilder*

{¶ 7} Wilder's motion for attorney fees is premised upon R.C. 2323.51, which provides that "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1). Frivolous conduct is defined as conduct that:

(1) serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including * * * causing unnecessary delay or a needless increase in the cost of litigation;

(2) is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law;

(3) consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; or

(4) consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief. R.C. 2323.51(A)(2)(a)(i), (ii), (iii), and (iv).

{¶ 8} Further, a motion for an award of attorney fees under R.C. 2323.51 must be decided only upon the evidence presented at the hearing and not the evidence attached to the motion. *Murrell v. Williamsburg Local School Dist.* (1993), 92 Ohio App.3d 92, 96, 634 N.E.2d 263, citing *Pisanick–Miller v. Roulette Pontiac–Cadillac GMC, Inc.* (1991), 62 Ohio App.3d 757, 761, 577 N.E.2d 446. However, the statute does not obligate the parties to present into evidence documents and proceedings already in the record. Id., citing *State ex rel. Freeman v. Wilkinson* (1992), 64 Ohio St.3d 516, 517–518, 597 N.E.2d 126, and *State ex rel. Ward v. The Lion's Den* (Nov. 25, 1992), Ross App. No. 1867, 1992 WL 487197.

{¶ 9} Wilder argues that the plaintiffs' complaint for malicious prosecution and pursuit of their case in this court served merely to harass and maliciously injure the defendant, causing a needless increase in costs, and in hopes of causing a delay or ceasing of the underlying foreclosure action in case No. 2006 CVH 0027. He further argues that the plaintiffs' pursuit of this case was and continues to be unwarranted under the existing law and cannot be supported by a good-faith argument for modification of the existing law or establishment of a new law. He

also asserts that the allegations in the complaint alleging that he engaged in illegal conduct, including conspiring with other defendants to illegally foreclose on the plaintiffs' home, was not supported by the evidence. Finally, Wilder argues that the plaintiffs' contentions in the complaint, motions, and other briefs were never warranted by the evidence. He asserts that the plaintiffs used this lawsuit as a vehicle for venting their dissatisfaction with the outcome of case No. 2006 CVH 0027.

{¶ 10} The plaintiffs responded on June 4, 2007, alleging that the defendants in case No. 2006 CVH 0027, also the defendants in this case, have continued "Illegal and Unethical Malicious Prosecution, Persecution, Harassment, Criminal Mischief, and Mayhem!"[1] They further allege that the "Defendant's [sic] have also illegally opened up past * * * litigation causing even more prejudice to plaintiff's case also, even though defendants themselves are the ones who have violated over two injunctions, refused jury trials 19 times, and over 27 filings in losing this case, forcing plaintiffs to comment on it at times since they allude to it so much * * *."[2] The court notes that much of the plaintiffs' response, as well as the complaint, refers to the plaintiffs' dissatisfaction with case No. 2006 CVH 0027 and the fact that the plaintiffs were unable to attend the oral argument on summary judgment in that case due to McClure's medical incapacitation. The plaintiffs feel that this constituted an ex parte communication between the defendants and the court. The court also notes that the plaintiffs' conclusion to their response sums up their purpose for filing this lawsuit: "As you can see the plaintiff's had the legal moral right to sue Mark Wilder and any and all defendants for breaking over two contracts * * * and over 14 pages of federal and Ohio laws plus many civil rights law and more, * * * the man is sick he should be disbarred from the 'Bar Association.'"[3]

{¶ 11} The first requirement that the defendant must establish in order to recover attorney fees is that his motion was filed within 30 days of the final judgment entry. R.C. 2323.51(B)(1). The final judgment entry was entered on April 17, 2007. The defendant filed his motion for attorney fees on May 15, 2007, 28 days after final judgment was entered in the case. Therefore, the court finds that the defendant filed his motion within the time period required by the statute.

{¶ 12} The court must now determine whether the plaintiffs' actions constitute "frivolous conduct" under R.C. 2323.51. The first definition involves

---

1. See "Answer to Wilder's Refrence [sic] Filed May 15, 2007," filed by the plaintiffs on June 4, 2007, p. 3.

2. Id.

3. Id., at p. 15.

conduct that serves merely to harass or maliciously injure another party to the civil action or is for another improper purpose, including causing unnecessary delay or a needless increase in the cost of litigation. The court cannot be certain that the plaintiffs' conduct served merely to harass or injure the defendant. Further, it is unclear whether the plaintiffs filed this action for an improper purpose, such as causing unnecessary delay or a needless increase in the cost of litigation. The court is aware that the many motions filed by the plaintiffs in this action served to delay the case and caused the defendant to incur significant costs; however, the court is aware of no evidence in the record, nor was evidence presented at the hearing, that this was the purpose behind the filing of the action. Therefore, the court finds that the plaintiffs' conduct does not satisfy the first definition of frivolous conduct under R.C. 2323.51(A)(2)(a)(i).

{¶ 13} The second definition involves conduct that is not warranted under existing law, cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good-faith argument for the establishment of new law. This statute is "to be applied carefully so that legitimate claims are not chilled. * * * A party is not frivolous merely because a claim is not well-grounded. * * * Furthermore, the statute was not intended to punish mere misjudgment or tactical error. * * * Instead the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action." *Riston v. Butler*, 149 Ohio App.3d 390, 399–400, 2002-Ohio-2308, 777 N.E.2d 857, quoting *Hickman v. Murray* (Mar. 22, 1996), Montgomery App. No. CA 15030, 1996 WL 125916. See also *Oakley v. Nolan*, Athens App. No. 06CA36, 2007-Ohio-4794, 2007 WL 2702832, ¶ 16. Whether a claim is warranted under existing law is judged by an objective standard. *Riston*, 149 Ohio App.3d at 399–400, 777 N.E.2d 857; *Oakley* at ¶ 16. The claim is frivolous when it is absolutely clear that no reasonable lawyer could argue the claim under the existing law. Id. Therefore, the court must determine whether a reasonable attorney would have alleged, based upon the evidence that the plaintiffs possessed, that the prior lawsuit constituted malicious prosecution.

{¶ 14} The plaintiffs argue that they are not attorneys and that no attorney would take their case; therefore, as pro se plaintiffs, their actions should be construed liberally. However, "[p]ro se litigants are bound by the same rules and procedures as litigants with retained counsel." *CAT-Rental Store v. Sparto* (Feb. 19, 2002), Clinton App. No. CA2001–08–024, 2002 WL 237359, at 2, citing *Myers v. First Natl. Bank of Cincinnati* (1981), 3 Ohio App.3d 209, 210, 3 OBR 238, 444 N.E.2d 412. "They are not to be accorded greater rights and are bound to accept the results of their own mistakes and errors, including those related to correct legal procedure." Id., citing *Holman v. Keegan* (2000), 139 Ohio App.3d 911, 918, 746 N.E.2d 209 and *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio

App.3d 357, 363, 676 N.E.2d 171. Therefore, although the result might seem harsh, the court finds that the plaintiffs, as unrepresented parties, are bound by the same rules and procedures as litigants who are represented by counsel. The court notes, however, that it has liberally construed the pleadings and motions filed by the plaintiffs, as well as any responses that they have filed. With that being said, the plaintiffs must accept the consequences of any errors and mistakes that they have made during the course of these proceedings.

{¶ 15} A cause of action by the plaintiffs for malicious prosecution requires that the following four elements must be satisfied: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings. *Robb v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 269, 662 N.E.2d 9; *Salem Twp. Zoning Comm. v. Lynch* (Aug. 16, 1999), Warren App. No. CA98–10–133, 1999 WL 619072, at 3.

{¶ 16} Based upon the competent, credible evidence before it, the court finds that the prior proceedings were initiated by the plaintiff and that the defendant's counterclaim on behalf of his client was directly related to those proceedings; therefore, the counterclaim was not maliciously instituted against the plaintiff in the prior proceedings. Further, the defendant had probable cause to file the counterclaim. The plaintiffs initiated the action based upon a change in their homeowner's association fees, which they refused to pay. Based upon this refusal, the defendant's client placed a lien on the plaintiffs' property, and it was this lien that the defendant's client was attempting to foreclose on in its counterclaim. The court also finds that the lawsuit was not terminated in the plaintiffs' favor, which is the third requirement for a cause of action in malicious prosecution. The court in the prior proceedings (which were not even terminated when this case was filed) granted summary judgment for the defendant's client on its counterclaims as well as on the plaintiffs' complaint. Finally, the defendant's client was permitted to foreclose upon the lien, which could constitute a seizure of the plaintiffs' property during the course of the prior proceedings; however, this seizure did not occur due to the plaintiffs' bankruptcy filing. The court also notes that the plaintiffs, in their oral arguments on the motion, admitted on the record that the elements of malicious prosecution were not satisfied.

{¶ 17} Based upon the foregoing, the court finds that no reasonable attorney would have filed an action for malicious prosecution in this case since three of the four elements are not satisfied and the fourth element is questionable. The plaintiffs' conduct is clearly not warranted under existing law, cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, and cannot be supported by a good-faith argument for the establish-

ment of new law. Therefore, the court finds that the plaintiffs' conduct constitutes frivolous conduct under R.C. 2323.51(A)(2)(a)(ii).

{¶ 18} The third definition involves conduct that consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. The plaintiffs allege in their complaint and other motions that Wilder engaged in criminal activities, including violations of the RICO Act and the FDCA. They also allege that Wilder and the other named defendants were involved in an illegal conspiracy to foreclose upon the plaintiffs' home, fraud, and extortion. These allegations have no evidentiary support in the record and are not likely to have evidentiary support after further investigation. This court has already determined from the competent, credible evidence before it that the plaintiffs' allegations are unfounded and that the defendant has done nothing illegal in this case.[4] Therefore, the court finds that the third definition of frivolous conduct has been satisfied under R.C. 2323.51(A)(2)(a)(iii).

{¶ 19} The fourth definition involves conduct that consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief. The plaintiffs in this action deny any wrongdoing and consistently accuse the defendants of engaging in illegal conduct. Again, these accusations are completely unwarranted by the evidence. There is no evidence in the record that the defendant has done anything wrong in this case. Therefore, the court finds that any denials by the plaintiffs of wrongdoing on their part and any accusations by the plaintiffs of wrongdoing on the part of the defendant are frivolous under R.C. 2323.51(A)(2)(a)(iv).

{¶ 20} The court notes that the defendant need prove only that the plaintiffs' conduct falls within one of the four categories of frivolous conduct; however, the court has found that the plaintiffs' actions satisfy definitions two, three, and four. Therefore, the court finds that based upon the foregoing analysis and the competent, credible evidence before the court, the plaintiffs' actions in this case constitute frivolous conduct. Further, the court finds that this frivolous conduct has had an adverse effect on the defendant. For these reasons, Wilder is entitled to an award of reasonable attorney fees, to be determined at a later date.

### Defendant Mort Simpson

{¶ 21} Simpson's motion for attorney fees is premised upon the "bad faith" exception to the general rule that a party to a civil action is responsible for

---

4. See the court's April 6, 2007 hearing and decision on the record.

his or her own attorney fees. The court notes that it has broad discretion in awarding attorney fees. *Stern v. Whitlatch & Co.* (1993), 91 Ohio App.3d 32, 38, 631 N.E.2d 680. Ohio follows the "American rule" when it comes to attorney fees, which does not allow the prevailing party in a civil action to recover fees in the absence of statutory authorization. *Sorin v. Bd. of Edn. of Warrensville Hts. School Dist.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 347 N.E.2d 527. However, a prevailing party might be entitled to an award of attorney fees when the party against whom the fees are taxed is found to have acted in bad faith. *Reagans v. MountainHigh Coachworks, Inc.*, 117 Ohio St.3d 22, 31–32, 2008-Ohio-271, 881 N.E.2d 245. See also *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 423 N.E.2d 1099, citing *Sorin*, supra, and *State ex rel. Grosser v. Boy* (1976), 46 Ohio St.2d 184, 75 O.O.2d 228, 347 N.E.2d 539; *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 556, 597 N.E.2d 153. Further, the prevailing party might be entitled to an award of attorney fees when the party against whom the fees are sought has acted vexatiously, wantonly, obdurately, or for oppressive reasons. *Oakwood v. Makar* (1983), 11 Ohio App.3d 46, 49, 11 OBR 79, 463 N.E.2d 61, citing *Sorin*, supra. "[I]n a proper case, a party could recover the attorney fees incurred in removing a cloud on title as 'special damages,' and could also recover attorney fees for prosecuting a slander of title action. The latter fees would not be included in 'special damages' but would arise from a finding of bad faith." *Green v. Lemarr* (2000), 139 Ohio App.3d 414, 435–436, 744 N.E.2d 212. The court notes that the defendant was not successful on his motion for summary judgment on his slander-of-title claim; however, a cloud on the defendant's title was removed pursuant to his first counterclaim. Therefore, the court finds that the same analysis applies. The defendant can recover attorney fees incurred in removing the cloud on his title, but must prove bad faith when collecting attorney fees incurred as a result of the prosecution of his first counterclaim.

 {¶ 22} Bad faith is defined as "a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." *Murray & Murray Co., L.P.A. v. Brugger*, Erie App. No. E–04–032, 2005-Ohio-5262, 2005 WL 2415979, ¶ 28, quoting *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 276, 6 OBR 337, 452 N.E.2d 1315. The court notes that *Brugger* was a breach-of-contract action; however, the court finds that the standard is the same for an award of attorney fees in tort actions as is indicated by the case law, which uses the same standard for both contract and tort actions. Therefore, the court finds that the same definition of bad faith that applies to a breach-of-contract action similarly applies to this tort action.

{¶ 23} Simpson argues that this court's findings of fact reveal numerous acts of bad faith against him. Those findings are as follows: (1) the first element for a mechanic's lien was not satisfied since no contract was alleged and there was no meeting of the minds, (2) the plaintiffs were not the proper parties to file a mechanic's lien, (3) the lien was not filed within the requisite time period, (4) the lien was filed for an improper reason, (5) a slanderous statement disparaging the defendant's title was published when the mechanic's lien was recorded, and (6) false statements were made by the defendant with the intent to mislead someone.

{¶ 24} The plaintiffs argue that the lien that they filed against the defendant's property was not a mechanic's lien. They allege in an affidavit filed on February 15, 2008, that the plaintiffs intended to file a lien for work or services not rendered, and not a mechanic's lien. Therefore, the plaintiffs argue that they did not act in bad faith since the lien they intended was not a mechanic's lien.

{¶ 25} The court notes that the lien referred to by both parties has been made a part of the record in this case on January 18, 2007, as Exhibit G to Simpson's counterclaim. For the purposes of this analysis, the court will assume that the lien in question was not intended as a mechanic's lien, despite the fact that the plaintiffs failed to present arguments, affidavits, or other evidence at the hearing on the motion for summary judgment that would indicate to the court that this was anything other than a mechanic's lien. Even assuming that this lien was the proper type of lien to be filed on the defendant's home, the court finds that the plaintiffs engaged in conduct constituting bad faith in obtaining the lien.

{¶ 26} The plaintiffs indicate on the notice of lien that Morton L. and Patricia A. Simpson owe them an estimated $20,000 for services not rendered and for damages. Attached to the lien are a copy of Simpson's deed and an explanation of the alleged wrongdoings of the defendant. In their explanation, the plaintiffs allege that the defendant illegally removed several trees from behind their home, thus causing their home to decrease in value. They further allege that the HOA failed to repair cracks and dog urine stains located on their sidewalk. They also allege that there are damages to internal portions of their home. The plaintiffs allege that they are entitled to $20,000 as a result of the HOA's illegal removal of trees and failure to make repairs, with an additional $5,000 added to the *judgment* for each instance that the HOA contests the amount owed.[5] This statement is deceptive in that the plaintiffs have never obtained a judgment against Simpson. The court finds that this statement was made with the intent to mislead or deceive anyone viewing the lien and was clearly made for a deceptive purpose, i.e., convincing anyone viewing the lien that the plaintiffs held

---

5. See defendants' motion for summary judgment, filed on January 18, 2007, Exhibit G, p. 7.

a judgment in the amount of $20,000 against Simpson and that his home was encumbered by some sort of lien as a result. Based upon the foregoing, the court finds that the plaintiffs clearly acted in bad faith when they recorded this lien based upon a judgment that they did not have and that Simpson is entitled to reasonable attorney fees and costs as a result.

{¶ 27} The court notes that the plaintiffs failed to explain to the court what type of lien they actually intended, if not a mechanic's lien, and the court is unable to find a lien recognized under Ohio law for "services not rendered." The closest lien the court can find that might apply in this case is a judgment lien; however, the requirements for that lien are clearly not satisfied in this case since the plaintiffs did not have a judgment against the defendant. The court further notes that this lien, if interpreted to be a mechanic's lien, is clearly invalid as it was filed outside the required time period and was filed for an improper purpose. The court also notes that the plaintiffs are not the proper parties to file a mechanic's lien. The plaintiffs, as pro se litigants, are held to the same standard as those litigants represented by counsel. It was their duty to make sure that the elements of the lien statute that they were proceeding under were satisfied. The plaintiffs clearly failed to do this and filed an unfounded lien on the defendant's property. The appropriate remedy would have been for the plaintiffs to file an action against the homeowner's association in lieu of filing an unfounded lien against the personal residence of the president of the homeowner's association.

## CONCLUSION

{¶ 28} Based upon the foregoing analysis and the competent, credible evidence before the court, the court finds that the plaintiffs' conduct as to the defendant Mark Wilder clearly constitutes frivolous conduct. The court further finds that the frivolous conduct has had an adverse effect on the defendant. Therefore, the court finds that Wilder is entitled to an award of reasonable attorney fees.

{¶ 29} The court further finds that the plaintiffs' actions as to the defendant Mort Simpson were in bad faith; therefore, the court finds that Simpson is entitled to an award of reasonable attorney fees and costs.

{¶ 30} The court will be in contact with the plaintiffs and the defendants regarding a hearing on the reasonableness of the attorney fees to be charged against the plaintiffs.

{¶ 31} It is ordered that this decision shall serve as the judgment entry in this matter.

{¶ 32} It is further ordered that the court finds no just cause for delay.

Judgment accordingly.