[Cite as *Meyer v. Minster Farmer's Coop. Exchange Co., Inc.*, 2009-Ohio-4933.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SHELBY COUNTY

ROGER MEYER,

     PLAINTIFF-APPELLANT,          CASE NO. 17-09-06

     v.

THE MINSTER FARMERS
COOPERATIVE EXCHANGE          O P I N I O N
COMPANY, INC.,

     DEFENDANT-APPELLEE.

Appeal from Shelby County Common Pleas Court
Trial Court No. 06CV356

Judgment Affirmed

Date of Decision: September 21, 2009

APPEARANCES:

    *Roger H. Meyer,* Appellant

    *Michael A. Burton* for Appellee

Case No. 17-09-06

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Roger H. Meyer ("Meyer") brings this appeal from the judgment of the Court of Common Pleas of Shelby County dismissing his counterclaim against defendant-appellee The Minster Farmers Cooperative Exchange Company, Inc. ("MFCEC"), for failure to bring it as a compulsory counterclaim. For the reasons set forth below, the judgment is affirmed.

{¶2} On February 4, 2005, MFCEC filed a complaint against Meyer alleging that he failed to pay for 28% nitrogen fertilizer purchased from MFCEC. The complaint was assigned case number 05CV000049. Meyer filed his answer on March 18, 2005, and also filed a counterclaim alleging that MFCEC owed him for the loss in crops due to the exchange of product. According to the counterclaim, Meyer ordered 175 tons of the fertilizer and was promised a price between $122 and $128 per ton. MFCEC delivered 102 tons of the fertilizer during the winter of 2001. In the Spring of 2001, MFCEC notified Meyer that the price had significantly risen and the remaining 73 tons of fertilizer would cost $195 per ton. Meyer claims that MFCEC offered to replace the 28% nitrogen fertilizer with Urea at the original price and agreed to reimburse Meyer for any loss in yield due to the replacement. Meyer alleged that he suffered losses in excess of $79,000 when MFCEC failed to abide by the agreement.

{¶3} On November 7, 2005, Meyer dismissed his counterclaim in case number 05CV000049, resulting in a judgment against him. Meyer appealed to this court and then to the Supreme Court of Ohio. The Supreme Court reversed the findings of the trial court and remanded it for a determination of the interest owed. On June 10, 2008, the trial court issued its new judgment in case number 05CV000049 concerning the starting date of the finance charges. On November 26, 2008, the trial court granted summary judgment to MFCEC in that case determining the total amount owed by Meyer. That judgment was appealed to this court. On March 30, 2009, this court affirmed the judgment of the trial court.

{¶4} While those legal proceedings were occurring, Meyer filed, as a new and separate action against MFCEC, his original claim which was previously filed in case number 05CV000049 as a counterclaim. This new action was assigned case number 06CV000356. The complaint alleged that the original counterclaim was a permissive counterclaim and could be filed independently. The case proceeded to trial on July 17, 2007. MFCEC attempted to raise the issue of res judicata, but was barred from doing so by its failure to raise this affirmative defense in its answer. A mistrial was subsequently declared when the jury returned interrogatories that conflicted with the general verdict.

{¶5} On May 28, 2008, MFCEC filed a motion for summary judgment. Meyer filed his response on June 30, 2008. The trial court denied the motion for

summary judgment in part and granted the motion in part on July 29, 2008. On December 5, 2008, MFCEC filed a motion to file an amended answer, which included the affirmative defense of res judicata. The trial court granted the motion on January 15, 2009, and the amended answer was filed on January 20, 2009. Additionally, MFCEC filed a brief alleging that the claim was really a compulsory counterclaim and asking that the complaint be dismissed. Meyer filed his motion contra to the motion to dismiss on January 6, 2009. On January 26, 2009, the trial court filed a notice of its intention to treat the motion to dismiss as a motion for summary judgment. On February 26, 2009, the trial court entered its judgment granting MFCEC's converted motion for summary judgment. Meyer appeals from this judgment and raises the following assignments of error.

## First Assignment of Error

**The trial court erred when it allowed the Clerk of Courts to assign a new case number to this counterclaim.**

## Second Assignment of Error

**The trial court erred in its determination that the dismissal of the counterclaim in case no. 05CV000049 is res judicata in this case.**

## Third Assignment of Error

**The trial court erred when it adjudged the 06CV000356 case not to be original counterclaim of case 05CV000049.**

{¶6} In the first assignment of error Meyer claims that the trial court erred by allowing the clerk to assign a new case number. This assignment of error is overruled. The duty of the clerk of courts is to "file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding." R.C. 2303.09. In this case, Meyer filed a new complaint with a jury demand. This complaint also contained a praecipe to the clerk asking that MFCEC be served. When presented with a new complaint, the Clerk of Court will automatically file it under a new case number as it is a new case. If Meyer had meant for this to be a renewal of the counterclaim, it should have been identified as such and the original case number added to the caption in order to inform the Clerk of Courts where to file the document.[1] See Civ.R. 10 requiring captions to include case numbers. Since this was not done, the Clerk of Courts acted properly in assigning a new case number. Thus, there was no error and the first assignment of error is overruled.

{¶7} Meyer's second and third assignments of error both allege that the trial court erred by finding that the claim was a compulsory counterclaim rather than a permissive counterclaim. The civil rules set forth the requirements for counterclaims.

---

[1] Interestingly, Meyer in his complaint alleged that the claim was a permissive counterclaim which could be filed separately. Now Meyer alleges that the trial court erred by assigning a new case number. Basically, Meyer is now attempting to shift the blame to the trial court for something he voluntarily chose to do.

> **(A) Compulsory counterclaims.  A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.  * * ***
>
> **(B) Permissive counterclaims.  A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.**

Civ.R. 13.  This rule has been interpreted as requiring a defendant to raise any issues arising out of the same transaction in the original suit or have the claim barred by the doctrine of res judicata.  *Rettig Ent. Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99.  "This bar operates even though a party has voluntarily withdrawn a compulsory counterclaim."  *L.M. Lignos Ent. v. Beacon Ins. Co. of America* (Feb. 13, 1997), 8th Dist. No. 70816 citing *Stern v. Whitlach* (1993), 91 Ohio App.3d 32, 631 N.E.2d 680.  The provisions of Civil Rule 41 do not negate the requirements of Civil Rule 13(A).  *Sec. Natl. Bank & Trust Co. v. Reynolds*, 2d Dist. No. 2007 CA 66, 2008-Ohio-4145, ¶32.

{¶8}  Here, Meyer voluntarily dismissed his counterclaim in order to appeal the grant of summary judgment of MFCEC's claim.  The counterclaim arose from the same transaction upon which the original complaint was based and no additional parties were necessary.  Thus, the counterclaim was a compulsory claim under Civil Rule 13(A).  Regardless of whether Meyer refiled this claim

within a year, it could not be filed as a new complaint, but was required to be filed in the original case. The failure to do so bars the claim pursuant to the doctrine of res judicata. Therefore, the second and third assignments of error are overruled.

{¶9} Finding no error prejudicial to Meyer, the judgment of the Court of Common Pleas of Shelby County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**