OPINION
{¶ 1} Defendant-appellant, Family Medicine Foundation, Inc. ("FMF") d.b.a. The Thomas E. Rardin Family Practice Center ("the Practice Center"), appeals from the December 18, 2002 decision and entry of the Franklin County Court of Common Pleas that dismissed appellant's Civ.R. 60(B) motion on the basis that the court lacked subject-matter jurisdiction.
 {¶ 2} On September 22, 1998, Maria Nicole Bright, plaintiff-appellee, filed a complaint in the Franklin County Court of Common Pleas against the Practice Center and three physicians, alleging medical malpractice ("the medical malpractice case"). The three physicians were voluntarily dismissed from the lawsuit. The complaint was served on the Practice Center at 2231 North High Street, Columbus, Ohio. Appellant did not file an answer or otherwise appear in the action. On June 24, 1999, appellee filed a motion for default judgment. Appellee's motion for default judgment was sustained, and a hearing on the issue of damages was held before a magistrate. The magistrate determined that appellee's damages were $978,840.41. The trial court adopted the magistrate's findings and entered a final judgment for appellee and against appellant in the amount of $978,840.41.
 {¶ 3} The Ohio State University ("OSU"), which owned the building in which the Practice Center was located, filed a motion to vacate the default judgment against the Practice Center, asserting that the court lacked subject-matter jurisdiction. Appellant filed a motion to intervene and a memorandum in support of OSU's motion to vacate the default judgment. After a hearing, the trial court, in a February 25, 2000 order, denied these motions.[1]
 {¶ 4} Also on February 25, 2000, appellant filed a complaint in the Franklin County Court of Common Pleas against appellee, N. Gerald DiCuccio, Gail M. Zalimeni, and the law firm of Butler, Cincione, DiCuccio and Barnhart, Family Medicine Found., Inc. v. Bright, case No. 02CVH-02-01619 ("the injunction case").[2] Appellant sought a permanent injunction that would prohibit appellee and the other above-named defendants from garnishing appellant's assets and/or property. Mr. DiCuccio, Mr. Zalimeni, and the law firm filed an answer and a counterclaim, seeking declaratory relief. Appellee also filed an answer and counterclaim seeking declaratory relief. In its October 30, 2000 decision, the trial court found that appellee, Mr. DiCuccio, Mr. Zalimeni, and the law firm had not knowingly maintained the medical malpractice lawsuit against a fictitious entity. Subsequently, in its November 16, 2000 decision, the trial court concluded that FMF used the name of the Practice Center to carry on its business, that the medical malpractice default judgment was not void, and that the judgment was enforceable against FMF. FMF appealed to this court from the judgment entered in the injunction case by the trial court.
 {¶ 5} On June 30, 2000, FMF filed in the Franklin County Court of Common Pleas (case No. 98CVA-09-7342), a Civ.R. 60(B) motion to vacate the default judgment in the medical malpractice case. Subsequently, on September 28, 2000, FMF filed a motion to vacate the judgment against the Practice Center, arguing that the judgment was void. On June 14, 2001, the above motions were stayed by the trial court, pending this court's decision in the injunction case.
 {¶ 6} On June 28, 2001, this court, in Family Medicine Found.,Inc. v. Bright (June 28, 2001), Franklin App. No. 00AP-1476 (the injunction case), reversed the trial court on the ground that the judgment against FMF was void. Specifically, this court held that under R.C. 1329.10(C), "a suit cannot be commenced or maintained against the user of a fictitious name when such suit is brought solely in the fictitious name." Id. Subsequently, the following question was certified for the Ohio Supreme Court's review: "Does R.C. 1329.10(C) permit a plaintiff to commence or maintain an action solely against a fictitious name, or must the action be commenced and/or maintained against the user of the fictitious name?" Family Medicine Found., Inc. v. Bright,96 Ohio St.3d 183, 2002-Ohio-4034, at ¶ 5. On August 21, 2002, the Ohio Supreme Court reversed this court's decision in the injunction case and held that "R.C. 1329.10(C) permits a plaintiff to bring suit against a party named only by its fictitious name." Id. at ¶ 15. In making this determination, the Ohio Supreme Court rejected FMF's argument that the default judgment entered against the Practice Center was void. Id. at ¶ 12.
 {¶ 7} In its December 18, 2002 decision and entry, the trial court determined, sua sponte, that it lacked subject-matter jurisdiction to render a decision on appellant's two motions to vacate, which were filed with the court in June and September of 2000. The trial court reasoned that under this court's decision in Family Medicine Found., Inc. (No. 00AP-1476), supra, it was divested of jurisdiction upon the December 21, 1999 default judgment. The trial court quoted the following passage from this court's decision:
* * * Default judgment was granted to Ms. Bright on December 21, 1999. This was a final order. While Civ.R. 55(B) allows a default judgment to be set aside in accordance with Civ.R. 60(B), Civ.R. 60(B) states that a motion thereunder does not affect the finality of the default judgment. Therefore, there are not two cases pending. It is immaterial that garnishment proceedings or Civ.R. 60(B) motions may still be pending in the medical malpractice case. Again, the December 21, 1999 default judgment terminated the case. If anything, Judge Johnson in the current case had jurisdictional priority over appellant's pending Civ.R. 60(B) motions before Judge Connor which involve essentially the same issues as the present case and which were filed subsequent to the present suit.
Id., reversed on other grounds.
 {¶ 8} The trial court also recognized that the Ohio Supreme Court's decision in the injunction case reversed this court's holding that a suit cannot be commenced or maintained against the user of a fictitious name when such suit is brought solely in the fictitious name. Furthermore, the trial court noted that the Ohio Supreme Court did not modify or alter this court's determination regarding the trial court's subject-matter jurisdiction vis-à-vis the jurisdictional priority rule. Ultimately, the trial court concluded in its December 18, 2002 decision and entry that "Judge Johnson's case, Case No. 00CVH-02-1619, has jurisdictional priority over the matter sub judice," and thereby dismissed appellant's motions to vacate. Appellant appeals from this decision of the trial court and asserts the following single assignment of error:
The Court Below Erred In Holding That It Did Not Have Subject Matter Jurisdiction To Hear And Determine The Rule 60(B) Motion Filed By Family Medicine Foundation, Inc. dba The Thomas E. Rardin Family Practice Center In Ms. Bright's Medical Malpractice Action.
 {¶ 9} By its assignment of error, appellant asserts that Judge Connor did not lack subject-matter jurisdiction, and he had the power to render a decision on appellant's Civ.R. 60(B) motion.
 {¶ 10} Subject-matter jurisdiction refers to the power of a court to hear and decide a case on the merits. Morrison v. Steiner (1972),32 Ohio St.2d 86, 87. A court that lacks subject-matter jurisdiction may not hear and decide a case on the merits. See Civ.R. 12(H)(3) (stating "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "If a court lacks subject-matter jurisdiction and renders a judgment, that judgment is void ab initio." Collins v. Hamilton Cty.Dept. of Human Services (Mar. 21, 2002), Franklin App. No. 01AP-1194, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
 {¶ 11} In Family Medicine Found., Inc. (No. 00AP-1476), supra, this court determined that the jurisdictional priority rule did not bar the lawsuit involving injunctive and declaratory relief claims because no action was pending before Judge Connor at the time the action was before Judge Johnson. That is, it was immaterial to the court action before Judge Johnson that a Civ.R. 60(B) "may be still pending in the medical malpractice case." See id., including concurring opinion. Consequently, this court overruled FMF's first assignment of error, which argued that Judge Johnson lacked subject-matter jurisdiction to hear and determine the merits of the injunction case.
 {¶ 12} Appellee contends that this court also held that "Judge Connor had no jurisdiction to hear the 60(B)," and that Judge Connor properly dismissed the medical malpractice case in view of this court's and the Ohio Supreme Court's "rulings" in the injunction case. (Brief of appellee, at 14.) Appellee's assertion regarding Judge Connor's jurisdiction relies on the following statement of this court in the injunction case: "If anything, Judge Johnson in the current case had jurisdictional priority over appellant's pending Civ.R. 60(B) motions before Judge Connor which involve essentially the same issues as the present case and which were filed subsequent to the present suit." This statement is dictum because it did not affect the holding of the case. The question before this court was whether an application of the jurisdictional priority rule barred the lawsuit in the injunction case. This court held that Judge Johnson did not lack jurisdiction to hear and decide the injunction case on the merits because the jurisdictional priority rule did not apply to the injunction case. Thus, contrary to appellee's assertion, this court did not hold that Judge Connor lacked jurisdiction to hear the Civ.R. 60(B) motion.
 {¶ 13} Not only is the statement regarding jurisdictional priority over appellant's Civ.R. 60(B) motion dictum, but the premise it relies upon is directly contrary to this court's decision in Fenner v. Kinney,
Franklin App. No. 02AP-749, 2003-Ohio-989, which stated, "the jurisdictional priority rule contemplates cases pending in two different courts of concurrent jurisdiction — not two cases filed in the same court." Id. at ¶ 14, citing B-Dry System, Inc. v. Kronenthal (June 30, 1999), Montgomery App. No. 17130 (cases filed in Greene and Montgomery County Common Pleas Courts); Lagoons Point Land Co. v.Grendell, Lake App. No. 2001-L-043, 2002-Ohio-3372 (cases filed in Cuyahoga and Lake County Common Pleas Courts). In light of our recent decision in Fenner, we find that the jurisdictional priority rule does not apply to the case at bar and, thus, Judge Connor did not lack subject-matter jurisdiction over the medical malpractice case because of the rule.
 {¶ 14} In addition to assessing the applicability of the jurisdictional priority rule, proper resolution of the case at bar requires an analysis of the distinction between "void" and "voidable" judgments as it relates to Civ.R. 60(B) motions. The Ohio Supreme Court, in Patton, supra, stated, "A judgment rendered by a court lacking subject matter jurisdiction is void ab initio. * * * The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherit power possessed by Ohio courts." Id. at paragraphs three and four of the syllabus. A void "judgment" is a nullity. See id. at 70 (stating that it was unnecessary for appellee to establish a basis for relief under Civ.R. 60(B) because "the `judgment' sought to be vacated constituted a nullity").
 {¶ 15} As discussed above, regarding the injunction case before Judge Johnson, this court held that the default judgment was void and was not enforceable against FMF because "a suit cannot be commenced or maintained against the user of a fictitious name when such suit is brought solely in the fictitious name." Family Medicine Found., Inc.
(No. 00AP-1476), supra. The Ohio Supreme Court reversed this court's decision that the judgment was void and held that FMF's request for injunctive relief was properly denied by the trial court. Family MedicineFound., Inc. (2002-Ohio-4034), supra, at ¶ 15. Thus, the Ohio Supreme Court ruled that the judgment was not void. See id. at ¶ 14.
 {¶ 16} Even if a judgment is not void ab initio, it may be voidable through an application of Civ.R. 60(B). Civ.R. 60(B) provides a procedural mechanism for a party to obtain relief from a jurisdictionallyvalid judgment if the movant party satisfies the three requirements ofGTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146. We recognize that the "clear intention of Civ.R. 60(B) is to afford parties the opportunity to obtain relief from `voidable' final judgments that would otherwise appear to be valid judgments." Bennitt v. Bennitt (May 26, 1994), Cuyahoga App. No. 65094, citing Civ.R. 60(B), Staff Notes, which read in pertinent part as follows:
It should be noted that Rule 60(B), unlike Federal Rule 60(b), does not provide for vacation of a void judgment. It is obvious that if a court did not have jurisdiction that a judgment rendered when jurisdiction was not present is void. Any court has inherent power to vacate a void judgment without the vacation being subject to a time limitation. The vacation of a void judgment might be brought in the form of a motion or perhaps in the form of a procedural device such as a declaratory judgment action.
In effect then Rule 60(B) deals with vacation of voidable judgments. * * *
 {¶ 17} The Ohio Supreme Court's determination that the default judgment is valid, i.e., not void ab initio, does not preclude a subsequent determination that the judgment is voidable under Civ.R. 60(B). Whether appellant has satisfied the three requirements of GTE, and is thereby entitled to relief from the default judgment under Civ.R. 60(B), has yet to be determined.
 {¶ 18} For the foregoing reasons, we conclude that the trial court did not lack subject-matter jurisdiction to hear and decide appellant's Civ.R. 60(B) motion on the merits. Accordingly, appellant's single assignment of error is sustained.
 {¶ 19} On March 10, 2003, appellee filed a motion to dismiss appellant's appeal on the theory that it is a frivolous appeal. Appellee also seeks an order requiring appellant to pay reasonable expenses of appellee, pursuant to App.R. 23. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review."Talbott v. Fountas (1984), 16 Ohio App.3d 226, paragraph one of the syllabus. In order for a court to find no reasonable question for review, the court must first assess the merits of the appeal. Id. Because we have sustained appellant's single assignment of error, appellee's March 10, 2003 motion to dismiss this appeal as frivolous and for an award of expenses is hereby overruled.
 {¶ 20} Having sustained appellant's single assignment of error, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Motion to dismiss and for award of expenses overruled; judgmentreversed and cause remanded.
Bryant and Brown, JJ., concur.
[1] At the February 23, 2000 hearing, appellee conceded that the default judgment was not enforceable against OSU.
[2] Pursuant to Loc.R. 31.02 of the Franklin County Court of Common Pleas, "[e]xcept cases in which a cognovit judgment is sought, cases shall be randomly assigned to individual Trial Judges." Also, Loc.R. 31.01 of the Franklin County Court of Common Pleas states as follows: "The assignment of cases shall be provided by these rules on a single assignment basis. Each case shall be assigned to a specific judge as provided in this rule as soon as it is filed and shall be retained by the Trial Judge until final disposition or reassignment. All questions including all motions shall be considered and determined only by the Trial Judge."
Here, both lawsuits were filed within the Franklin County Court of Common Pleas. The cases were randomly assigned to different judges, but the cases remained within the same court of common pleas. Specifically, the medical malpractice case and the injunction case were assigned to different judges within the same court of common pleas. Judge Connor was assigned the medical malpractice case, and Judge Johnson was assigned the injunction case.