[Cite as *Jarvis v. Wells Fargo Bank*, 2010-Ohio-3283.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PAUL E. JARVIS, JR., et al. | ) | CASE NO. 09 CO 6 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WELLS FARGO BANK, N.A., AS | ) | |
| TRUSTEE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Columbiana County, Ohio Case No. 08 CV 1200

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiffs-Appellants: Atty. Daniel S. White
34 Parmelee Drive
Hudson, Ohio 44236

For Defendants-Appellees: Atty. Robin M. Wilson
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 30, 2010

WAITE, J.

**{¶1}** This is the second time an appeal has come to us involving the foreclosure action against Appellants Paul E. Jarvis, Jr., and Kimberly Sue Jarvis, instituted by Appellee Wells Fargo Bank, N.A. ("Wells Fargo"), trustee for the original mortgagee, Appellee Option One Mortgage Corporation ("Option One"). The foreclosure action was filed in the Columbiana County Court of Common Pleas against Appellants in 2007. In that action, Appellants belatedly attempted to assert a number of compulsory counterclaims, but they failed to seek leave of the court to do so. The matter was resolved in the bank's favor without the court expressly addressing any of the counterclaims. Appellants filed an appeal, and we held that the failure to seek leave to file the counterclaims rendered the counterclaims effectively overruled by the trial court once it granted summary judgment to the bank. *Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. No. 08 CO 30, 2009-Ohio-3055. While that appeal was pending, Appellants filed their own complaint in the Columbiana County Court of Common Pleas raising the same claims that were unsuccessfully brought as counterclaims in the earlier foreclosure action. The trial court once again granted judgment to the bank, this time on the basis of res judicata, and this appeal followed. Both appeals were pending at the same time, and prior to the release of our Opinion in the earlier case, Appellees filed a motion to dismiss this second appeal.

**{¶2}** Appellees filed their motion to dismiss on jurisdictional grounds. Although the subject matter of the two appeals certainly overlaps, we find no jurisdictional problem which interferes with our ability to rule on this appeal. Hence,

Appellee's motion to dismiss is overruled. As to the merits of the appeal, the record reflects that Appellants are attempting to litigate the same compulsory counterclaims that they failed to properly raise in the original foreclosure action. Civ.R. 13(A) requires parties to litigate all compulsory counterclaims in one suit. Therefore, the trial court was correct in dismissing the second complaint and the judgment of the trial court is affirmed.

### Background of the Case

{¶3} In April of 2005, Appellants obtained an adjustable rate mortgage from Option One to purchase a house in Hanoverton, Ohio. The initial interest rate was 9.25%, and the monthly payment was $1,151.75. In June, 2007, the interest rate increased to 12.25% and the monthly payment rose to $1,457.76. Appellants soon had problems paying the monthly installments on the mortgage. Starting in August, 2005, Appellants were late in making their payment. By 2007, Appellants were two months behind in their payments. The mortgage loan had standard provisions providing for late charges and default on the loan if payments were not made on time. In June of 2007, Appellants made no payment. Appellants then attempted to partially pay the arrears, but no amounts were tendered from July, August or September of 2007.

{¶4} On September 20, 2007, Wells Fargo filed a complaint in foreclosure as trustee of Option One. The complaint alleged that $138,046.47 was due, plus interest, as of June 1, 2007. Appellants answered the complaint without filing any counterclaims.

{¶5} On November 9, 2007, Wells Fargo filed a motion for summary judgment. They attached the promissory note, the mortgage, the assignment of the mortgage, and an affidavit confirming that the loan was in default. Appellants opposed the motion for summary judgment, and the court extended discovery to March 3, 2008, to allow the parties to file reply briefs.

{¶6} On March 5, 2008, Appellants filed counterclaims without seeking leave of the court. Appellants alleged that Wells Fargo had no right to file the complaint when it did, and that payments were not properly applied to real estate taxes, interest charges were not properly calculated, the foreclosure was not properly instituted, and the foreclosure was instituted maliciously and without cause. Appellants failed to file any further response to the motion for summary judgment. Wells Fargo filed an answer to the counterclaims, raising the issue that Appellants had failed to seek leave of the court to file the untimely claims.

{¶7} On June 30, 2008, the trial court entered summary judgment in favor of Wells Fargo, finding that $138,046.47 was due on the note plus interest. The court ordered sale in foreclosure if payment was not made in three days. Appellants filed a timely appeal of this judgment on July 30, 2008.

{¶8} While the appeal was still pending, on November 18, 2008, Appellants filed a three-page complaint in the Columbiana County Court of Common Pleas against Wells Fargo, Option One, and American Home Mortgage. The complaint does not delineate specific causes of action, but instead generally alleges that, "[plaintiffs] have been significantly damaged by the conduct of one or more of the Defendants in connection with their home mortgage and related matters * * *."

(11/18/08 Complaint, p. 2.) They alleged that their credit rating was damaged, the foreclosure complaint should not have been filed, the defendants failed to apply payments to real estate taxes, failed to properly calculate interest rates, failed to properly serve documents, failed to make their representatives available for discovery, improperly refused a late payment, misapplied payments, and that all these acts were done in a negligent manner.

**{¶9}** On December 23, 2008, Appellees filed a Civ.R. 12(B)(6) motion to dismiss and a motion for summary judgment. Appellees argued that Appellants had not specified any cause of action or operative facts to support a cause of action, and that res judicata should bar any claims based on the prior foreclosure action, then on appeal.

**{¶10}** On January 13, 2009, Appellants filed a response. They argued that they had attempted to file counterclaims in the prior foreclosure action, but that, "based on a Judgment Entry improperly prepared and submitted by previous counsel for the financial institutions, the case was improperly terminated at the Trial Court level without proper adjudication of the Counterclaims." (Brief in Opposition, p. 2.) The reply goes on to state that, "[i]n short, the Counterclaims filed in the earlier case by the Jarvises were never properly adjudicated by the Trial Court * * *." (Brief in Opposition, p. 2.)

**{¶11}** On February 11, 2009, the trial court entered summary judgment in favor of the defendants on the grounds of res judicata and because Appellants had failed to state a claim for which relief could be granted. This appeal was filed on March 11, 2009.

**{¶12}** On June 8, 2009, this Court filed its Opinion in the underlying foreclosure action. *Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. No. 08 CO 30, 2009-Ohio-3055. Appellants had argued on appeal that the trial court erred by failing to adjudicate their counterclaims. We held that the counterclaims were presumed to be dismissed by the court's ruling or were rendered moot when the court awarded summary judgment to the bank. Id. at ¶25-27. It was clear that the trial court had grounds for dismissing the counterclaims because Appellants failed to seek leave of the court to file them. Id. at ¶29. Appellants' only issue on appeal was the status of the counterclaims, and they failed to present any argument at all regarding the basis for the award of summary judgment to Wells Fargo. Id. at ¶30-32. We affirmed the trial court judgment in full.

**{¶13}** On June 11, 2009, Appellees filed a motion to dismiss the instant appeal on the basis of our Opinion in *Wells Fargo Bank, N.A.* On July 22, 2009, we continued any action on the motion to dismiss until after final briefing and oral argument.

Motion to Dismiss the Appeal

**{¶14}** Appellees filed a motion to dismiss this appeal based on the theory that an appeal was already pending in this Court when Appellants filed their complaint, and that Appellants' complaint alleged the same or similar claims as those Appellants unsuccessfully attempted to raise in the foreclosure action, filed by the bank. Appellees have not explained how these facts would prevent us from hearing this appeal. It is true that Appellants' foreclosure action was on appeal when they filed a complaint that dealt with some of the same subject matter as in the foreclosure.

Appellants attempted to raise counterclaims to the foreclosure action, but were unsuccessful. Appellants then filed their own action, currently before us on appeal, that involves those same counterclaims. Appellees had the opportunity to challenge or request dismissal of Appellant's complaint on whatever grounds they deemed appropriate. They decided to challenge the claims on the basis of res judicata. Appellants have not been designated as vexatious litigators and there is no indication that they were under any statutory or court order preventing them from filing a complaint or from filing an appeal of the subsequent judgment. Therefore, the normal course of events would be for us to rule on the merits of the instant appeal.

{¶15} Appellees defended Appellants' complaint on the grounds of res judicata, which is an affirmative defense. Civ.R. 8(C). An affirmative defense consists of a confession and avoidance, as it admits the plaintiff has a claim but asserts a legal reason for which the plaintiff cannot recover. *State ex rel. Plain Dealer Pub. Co. v. Cincinnati* (1996), 75 Ohio St.3d 31, 33, 661 N.E.2d 187. The affirmative defense of res judicata, particularly the res judicata affect of failing to raise compulsory counterclaims, is often reviewed on direct appeal. See, e.g., *Lewis v. Harding*, 182 Ohio App.3d 588, 2009-Ohio-3071, 913 N.E.2d 1048; *Sunkin v. Collision Pro, Inc.*, 174 Ohio App.3d 56, 2007-Ohio-6046, 880 N.E.2d 947. The fact that Appellants' final judgment in an earlier action was pending on appeal does not affect this Court's jurisdiction to determine whether the trial court correctly dismissed the Appellants' complaint on grounds of res judicata. The jurisdiction of the appellate court is affected by such things as the lack of a final, appealable order or the failure to file the notice of appeal in the time allowed by the Ohio Rules of Appellate

Procedure. It is not affected by the fact that underlying claims have no merit and were disposed of through summary proceedings in the trial court.

{¶16} If Appellants had filed their complaint in a different court, then it might have been appropriate to discuss jurisdictional issues on appeal. In that hypothetical scenario, the jurisdictional priority rule could have been raised. This rule provides that, as between state courts of concurrent jurisdiction, the authority of the court which first properly acquires jurisdiction over a matter retains exclusive jurisdiction until the matter is completely adjudicated. *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 429, 751 N.E.2d 472. The jurisdictional priority rule does not apply when two complaints are filed in the same court. *Bright v. Family Medicine Found., Inc.,* 10th Dist. No. 02AP-1443, 2003-Ohio-6652, ¶13. Since this case involves two complaints filed in the same court, we can find no jurisdictional issue that bars our review.

<u>ASSIGNMENT OF ERROR</u>

{¶17} "THE TRIAL COURT'S DECISION TO GRANT THE DISPOSITIVE MOTION CONSTITUTES REVERSIBLE ERROR."

{¶18} Appellants argue that neither Civ.R. 12(B) dismissal nor summary judgment was appropriate in this case. Appellants submit that Appellees have not met the requirements for establishing a res judicata defense or the defense of failure to state a judiciable claim. They argue that there are additional parties in this matter that were not brought into the earlier foreclosure litigation, and that the addition of these parties defeats a res judicata defense. They also argue that there was no full and fair opportunity to litigate their counterclaims in the earlier case, thereby

establishing a second reason to defeat a res judicata defense. It is obvious from the record that Appellants are attempting to relitigate their failed attempt to present compulsory counterclaims in the foreclosure action. Thus, they are precluded from raising those claims in a second suit. Appellants' sole assignment of error is overruled.

{¶19} An order granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is subject to de novo review on appeal. *State ex rel. Cook v. Seneca Cty. Bd. of Commrs.*, 175 Ohio App.3d 721, 2008-Ohio-736, 889 N.E.2d 153, ¶21. In order to sustain the dismissal, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶14, citing *Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶11. In reviewing whether a motion to dismiss was properly granted, an appellate court must construe all factual allegations in the complaint as true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. Additionally, the material allegations of the complaint and any inferences drawn therefrom must be construed in favor of the nonmoving party. *LeRoy* at ¶14.

{¶20} Summary judgment is also reviewed under a de novo standard of review. In accordance with Civ.R. 56, summary judgment is appropriate when: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have

the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274." *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201. If the moving party meets its initial burden of production, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶21} The record in this case reflects that the trial court granted summary judgment on the basis of res judicata. The doctrine of res judicata requires that a party to a lawsuit must present every ground for relief in that action or be forever barred from asserting any additional grounds. *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178. "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.' " (Emphasis sic.) Id., citing *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 69, 25 OBR 89, 494 N.E.2d 1387.

{¶22} In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, the Ohio Supreme Court, in explaining the doctrine of res judicata, held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." The doctrine of res judicata applies to those who were

parties in the prior action, to those who were in privity with the litigants, and also to those who could have joined the action and did not. See *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 367, 544 N.E.2d 878, 880; *Keeley & Assoc., Inc. v. Integrity Supply, Inc.* (1997), 120 Ohio App.3d 1, 4, 696 N.E.2d 618.

**{¶23}** Res judicata is particularly relevant when a party fails to present compulsory counterclaims pursuant to Civ.R. 13(A), which requires a party to raise all counterclaims against the opposing parties. Civ.R. 13(A) states in pertinent part:

**{¶24}** "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

**{¶25}** Civ.R. 15(A) allows a defendant to amend his answer once as a matter of course within 28 days after having served the answer on the plaintiff. Appellants did not amend their answer within 28 days, and thus, could not amend their answer as a matter of course to include their counterclaims. Civ.R. 15(A) provides an additional means to amend a pleading after the 28-day time period has expired, but, "only by leave of court or by written consent of the adverse party."

**{¶26}** Civ.R. 13(F) provides a similar means to raise a counterclaim after seeking leave from the court: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

**{¶27}** The record indicates that Appellants did not seek leave of the court to file their counterclaims, and that Appellees did not consent to the filing of an amended answer by Appellants to the original foreclosure complaint. These issues were litigated in the earlier appeal. We concluded that Appellants failure to seek leave to file the counterclaims, their discussion of the counterclaims as part of the summary judgment proceedings, and the trial court's ruling in favor of the bank, constituted a rejection of those counterclaims by the trial court. *Wells Fargo Bank, N.A.*, supra, 7th Dist. No. 08 CO 30, 2009-Ohio-3055, at ¶23-27.

**{¶28}** It is clear from our earlier Opinion that Appellants failed to properly raise compulsory counterclaims arising from the foreclosure action. Failure to assert a compulsory counterclaim constitutes a form of res judicata and acts as a bar to subsequent litigation. *Forney v. Climbing Higher Ents., Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, ¶20, citing *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 403-404, 536 N.E.2d 22. "The purpose of [Civ.R. 13(A)] is to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence. *State ex rel. Massaro Corp. v. Franklin Cty. Court of Common Pleas* (1989), 65 Ohio App.3d 428, 430, 584 N.E.2d 756. The rule also provides for an orderly delineation of *res judicata, Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 275, 624 N.E.2d 245, as failure to assert a compulsory counterclaim will result in its being barred in any subsequent action. *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 404, 536 N.E.2d 22." *ATAC Corp. v. Lindsay* (Jan. 16, 1997), 8th Dist. Nos. 70293, 70294, and 70572, at *4.

**{¶29}** The Ohio Supreme Court has held that:

**{¶30}** "All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Enterprises, Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, paragraph one of the syllabus.

**{¶31}** The Ohio Supreme Court has used the "logical relation test" to decide whether claims, "arise out of the same transaction or occurrence," as required by Rule 13(A). Id. at 278. The test defines a compulsory counterclaim as one that "is logically related to the opposing party's claim" and would require considerable duplication of effort by both the parties and the trial court if separate trials were permitted. Id.

**{¶32}** Appellants' complaint reflects that their claims arose "in connection with the Plaintiffs' home mortgage and related matters". (11/18/08 Complaint, p. 2.) Any claims that Appellants have that are logically related to the mortgage and the foreclosure are compulsory counterclaims to the foreclosure action. It is apparent from the nature of the claims in this instant action that they are logically related to the earlier foreclosure. Appellants raise issues with Appellees' failure to pay real estate taxes from the mortgage payments, with the calculated interest rates, with Appellees' refusal to accept a late payment, and with misapplied payments. These are all counterclaims that should have been properly raised and dealt with in the foreclosure action, itself. That matter was resolved in the bank's favor and was affirmed on appeal, and we agree with the trial court that the claims in the instant action are now res judicata.

**{¶33}** Appellants argue that res judicata, and presumably Civ.R. 13(A), do not apply to this case because the opposing party in the foreclosure action was only Wells Fargo, and not all three of the defendants named in the instant appeal. It should first be noted that Appellants did not oppose summary judgment in this case on the basis that there are different parties in the two lawsuits, and their attempt to manufacture that argument on appeal is inconsistent with their pleadings and filings in the case.

**{¶34}** The fact that there are two additional parties in the instant action does not defeat a res judicata defense. For res judicata to apply, "one of the requirements is that the parties to the subsequent action must be identical to *or in privity* with those in the former action." (Emphasis added.) *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶8. Further, courts have interpreted the term "opposing party" in Civ.R. 13(A) to also include parties who are "in privity" with the named parties. See, e.g., *Keeley & Assoc., Inc. v. Integrity Supply, Inc.* (1997), 120 Ohio App.3d 1, 6-7, 696 N.E.2d 618. "[T]he term 'opposing party' in Civ.R. 13(A) includes not only formally named opposing parties, but also any party who is in privity with a formally named opposing party." *Fender v. Miles*, 12th Dist. No. CA2009-01-003, 2009-Ohio-6043, ¶18. A party is in "privity" with another if it succeeds to an estate or an interest formerly held by the other, or where a party is so identified in interest with another that the party represents the same legal right. *Lennon v. Neil* (2000), 139 Ohio App.3d 437, 744 N.E.2d 228; *Deaton v. Burney* (1995), 107 Ohio App.3d 407, 669 N.E.2d 1. "[A] mutuality of interest, including an identity of desired

result," may also create privity between parties. *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958.

**{¶35}** The three named defendants in this case are Wells Fargo, Option One, and American Home Mortgage. Wells Fargo and Option One are obviously in privity because Wells Fargo filed the foreclosure action as trustee for Option One. *Wells Fargo Bank, N.A.*, supra, 7th Dist. No. 08 CO 30, 2009-Ohio-3005, at ¶9. A trustee is in privity with the trust and the beneficiaries of the trust for purposes of establishing res judicata. *Forney v. Climbing Higher Enterprises, Inc.*, 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, ¶21-22.

**{¶36}** Appellants' complaint in the instant case does not explain why American Home Mortgage is named as a defendant, other than to say that all three defendants are connected to their home mortgage. Despite this lack of explanation, it is apparent from Appellants' averments and admissions in the record that American Home Mortgage should be treated as being in privity with the parties of the earlier foreclosure action. Appellants' reply to Appellees' motion for summary judgment makes it very clear that the instant complaint was filed as a means to relitigate the counterclaims that were unsuccessfully raised in the earlier foreclosure action. Because Appellants lost their appeal of that foreclosure judgment, including the appeal of their attempt to belatedly raise counterclaims, any further attempt to relitigate those counterclaims against any party connected to those counterclaims is res judicata.

**{¶37}** The trial court properly dismissed Appellants' complaint on the grounds of res judicata. The claims in this case all relate to the mortgage and foreclosure of

the mortgage already litigated through appeal in *Wells Fargo Bank, N.A. v. Jarvis.* Appellants failed to properly raise compulsory counterclaims in that matter, and they cannot raise them by filing their own lawsuit. Appellants' assignment of error is overruled and the judgment of the trial court affirmed.

Donofrio, J., concurs.

Vukovich, P.J., concurs.