*462
 
 Hart, J.
 

 The principal question presented by the record is whether, in a wrongful death action brought by the personal representative of the decedent who was killed in a collision between decedent’s automobile and that of the defendant, such defendant has a right to prosecute in the same suit a cross-action for his own personal injuries sustained in the same collision. An incidental question is whether the action of the Common Pleas Court in striking such cross-petition from the original action and docketing it as a separate' and independent action constitutes a final order from which an appeal may be taken.
 

 The appellant claims the right to maintain her cross-action in the original suit because it tends to simplify procedure and to curtail the expense of litigation in that it would avoid a multiplicity of suits and the possibility of inconsistent results in the two actions. She insists that her claim in this respect is incidentally and indirectly recognized by the courts in permitting an administrator to join in one action a claim for personal injuries to his decedent with one for wrongful death of such decedent. See
 
 Wellston Iron Furnace Co.
 
 v.
 
 Rinehart, Admr.,
 
 108 Ohio St., 117, 140 N. E., 623. But in the case here cited and relied upon by the defendant, the joinder of the two causes of action was not questioned and the right of joinder in such cases does not seem to have been heretofore decided by this court.
 

 Upon this subject, 16 American Jurisprudence, 193, Section
 
 277-,
 
 says: “Although there is some authority to the contrary, the courts generally hold that in jurisdictions in which two separate and distinct causes of action are created by the wrongful death statute and the survival statute, the two actions may be joined, notwithstanding the fact that the elements of damages are different and the amount of damages must be:separately assessed by a special verdict, and go into sep
 
 *463
 
 arate funds.” See annotations, 7 A. L. R., 1321; and L. R. A. 1915E, 1138, 1139.
 

 The plaintiff, as personal representative in such a case, acts in a dual capacity as to the two causes of action asserted against the defendant. There must be a separate verdict returned as to each cause of action. If a recovery is granted in the wrongful death action it is for the sole benefit of the surviving spouse and next of kin, and is not subject to claims against the estate of the decedent. On the other hand, if a recovery is granted for personal injuries to the decedent, it is an asset of the estate and subject to the claims of creditors. The net result of such procedure is that two separate and distinct actions are litigated, though they are tried at the same time.
 
 Gibson
 
 v.
 
 Solomon,
 
 136 Ohio St., 101, 108, 23 N. E. (2d), 996. The question occurs as to whether this procedure is a matter of right upon the part of the plaintiff as personal representative or is merely permissible1?
 

 In the case at bar a somewhat different question arises. There is no mutuality between the claim of the plaintiff for the wrongful death of her decedent and the claim of the defendant for her personal injuries. The claim of the latter cannot be treated as a counterclaim to reduce the damages, if any, recoverable by the plaintiff. The claim of the defendant, if established, would make her a creditor of the estate of the decedent, but it could not affect the rights of the surviving spouse and next of kin of the decedent in any judgment in the action in favor of the plaintiff. There is no legal relationship between the cause of action of the plaintiff and that of the defendant as set out in her cross-petition. In other words, ‘ ‘ it is generally held that, in order to warrant a setoff or counterclaim in an action by an executor or administrator, the debts must be mutual, and the principle of mutuality requires not only that the debts should be due to and from the same person,
 
 *464
 
 but also to and from the same person .in the same capacity.” 34 Corpus Juris Secundum, 704, 718;
 
 Stuart, Admr.,
 
 v.
 
 Lott,
 
 304 Ill., 170, 136 N. E., 454;
 
 Mahon
 
 v.
 
 Harney County National Bank,
 
 104 Ore., 323, 206 P., 224;
 
 Hampton Roads Fire & Marine Ins. Co.
 
 v.
 
 Coburn Motor Car Co., Inc.,
 
 158 Va., 675, 164 S. E., 723, 84 A. L. R., 731.
 

 Of course, if plaintiff’s action had been one for the benefit of decedent’s estate to recover for personal injuries suffered by the decedent in his lifetime, there could be little question as to the right of the defendant to assert her counterclaim by way of cfoss-petition in this action. Under such circumstances, there would be mutuality of parties as well as mutuality of claims.
 

 In support of the claim made by the defendant in this case, counsel suggest, as an analogy, that where a claimant brings an action for personal injuries against the administrator of one who caused such injuries, such administrator maj7 cross-petition against the claimant for the wrongful death of his decedent, and cite, as sustaining this proposition, 34 Corpus Juris Secundum, 714, Section 724. The text is as follows :
 
 “Counterclaim for wrongful death.
 
 In an action brought against decedent in his lifetime for damages arising out of an automobile accident, the personal representative may, on decedent’s death as a result of injuries received in the accident, file a cross-action or counterclaim for the wrongful death of decedent.”
 

 But an examination of the text above quoted and the authority supporting it
 
 (Johnson, Admx.,
 
 v.
 
 Smith,
 
 215 N. C., 322, 1 S. E. [2d], 834), discloses that the term “wrongful death” as there used refers to a tortious act causing death which gives rise to a claim for personal injuries in favor of decedent’s estate, and not to an fiction technically known as a wrongful death action on behalf of decedent’s dependents. The court in the above-cited cases says: “The administratrix
 
 *465
 
 succeeded to all the rights and assets of her intestate and is subjected to all of his debts and liabilities, and the right to maintain an action for the wrongful death of her intestate is but a statutory continuation, extension and enlargement, of the right that existed prior to his death in favor of her intestate to maintain a cross-action or counterclaim for personal injuries in the action instituted against him * * * .” This authority, therefore, does not seem to support the claim of the defendant.
 

 In our view, the defendant’s cross-action in this case clearly does not qualify as a proper setoff or counterclaim to the action of the plaintiff. Moreover, in the trial of the two separate actions, represented by the petition of the plaintiff and the cross-petition of the • defendant, evidence competent in one action may be incompetent in the other. In the wrongful death action of the plaintiff both the administrator and the defendant would be competent to testify; but as to the cross-action of the defendant neither could testify. The court would be obliged not,only to carefully instruct the jury as to the proper application of such testimony, but would, in the charge, be obliged to apply the law to these conflicting claims. The net result must be increased danger of error on the part of the court and of confusion on the part qf the jury in the application of the evidence and the law, and in the attempt to render two separate and distinct verdicts.
 

 We conclude that since, in this case, there is neither mutuality of parties nor mutuality of claims arising under the defendant’s cross-petition, she cannot assert such cross-petition as a matter of right.
 

 The court, in striking defendant’s cross-petition and ordering it filed as a separate action, acted in a procedural matter and did not deprive her of a substantial right or of any final judgment to which she may be entitled. This court has held that a denial of an applica
 
 *466
 
 tion for change of venue is not a final order affecting a substantial right
 
 (Snell
 
 v.
 
 Cincinnati Street Ry. Co.,
 
 60 Ohio St., 256, 54 N. E., 270); that'an order of consolidation of actions is not a final order subject to review
 
 (Taylor
 
 v.
 
 Standard Brick Co.,
 
 66 Ohio St.,
 
 360,
 
 64 N. E., 428); and that the granting or denying a continuance of trial, in the absence of an abuse of discretion, is not a final order
 
 (Holt
 
 v.
 
 State,
 
 11 Ohio St., 691).
 

 These cases are to be distinguished from cases wherein the court refused applicants the right to-intervene in litigation in which their rights might have been adversely affected. See
 
 Czech Catholic Union
 
 v.
 
 East End Bldg. & Loan Assn.,
 
 140 Ohio St., 465, 45 N. E. (2d), 300;
 
 Rosenberg
 
 v.
 
 Mehl,
 
 37 Ohio App., 95, 174 N. E., 152;
 
 Central National Bank of Cleveland et al., Trustees,
 
 v.
 
 Newton Steel Co.,
 
 61 Ohio App., 57, 22 N. E. (2d), 428.
 

 The order of the court in redocketing the cross-petition of the defendant as a separate action was not a final order and was, therefore, not reviewable. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weyganbt, C. J., Matthias, Zimmerman, Bell and Williams, JJ., concur.