QUINTUS ET AL., APPELLANTS, *v.* McCLURE ET AL., APPELLEES.

(No. 1578—Decided
November 12, 1987.)

*Robert F. Belovich,* for appellants.
*C. Nevada Johnson, Jr.,* for appellees.

MAHONEY, J. Appellants, Frank A. Quintus, Richard Minke, and North Coast Ultralight, Inc. ("Ultralight"), appeal from an order of the Medina County Court of Common Pleas granting summary judgment to appellees, Fred McClure, Arthur E. Jereski, Harold E. Rohlik, John Doe, Policeman, and Darrell Sigmon. We reverse and remand.

### Facts

Appellant Quintus operated a public-use airport in the township of Brunswick Hills. Appellants Minke and Ultralight operated a business at the airport where ultralight aircraft were sold and repaired. Pilots of the ultralight aircraft used the airport to land and take off.

The use of the airport for a commercial-ultralight-aircraft operation was in violation of the local zoning laws. Appellees McClure, Jereski, and Rohlik were Brunswick Hills Township Trustees. Appellee Sigmon was the Brunswick Hills Zoning Inspector. Following unsuccessful attempts to resolve the zoning violation, the Brunswick Hills Township Trustees sued Quintus, Minke, and Ultralight on August 7, 1984, seeking a permanent injunction prohibiting ultralight operations at the airport. The court of common pleas subsequently granted the permanent injunction.

On July 10, 1985, Quintus, Minke and Ultralight filed a lawsuit against McClure, Jereski, Rohlik, Sigmon and John Doe, Policeman. The complaint alleged that McClure, Jereski, Rohlik and Sigmon embarked on a course of action to financially harm Quintus, Minke, and Ultralight by abusing their governmental positions to halt the ultralight operations at the airport. The complaint also alleged that John Doe, Policeman, assaulted and falsely arrested Minke.

McClure, Jereski, Rohlik, Sigmon and John Doe, Policeman, moved the court of common pleas for summary judgment, in part, on the basis that the July 10, 1985 lawsuit was a compulsory counterclaim to the lawsuit instituted by the Brunswick Hills Township Trustees. The court of common pleas granted the motion for summary judgment and this appeal followed.

### Assignment of Error

"The trial court erred in granting the defendants' motion for summary judgment on the basis that the plaintiffs' action was a compulsory counterclaim in a prior case when, in fact, plaintiffs' cause of action had not fully ripened until after the prior case had been adjudicated."

Civ. R. 13(A) provides:

"Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *."

Failure to assert a compulsory counterclaim acts as a bar to the litigation of the counterclaim in a subsequent lawsuit. Thus, failure to assert a

compulsory counterclaim constitutes *res judicata. Interstate Steel Erectors, Inc.* v. *H. & L. Wolff, Inc.* (1984), 17 Ohio App. 3d 173, 17 OBR 304, 478 N.E. 2d 245.

We first examine whether appellants' instant claim was a compulsory counterclaim in the previous lawsuit by the Brunswick Hills Trustees. It is elementary that a counterclaim may only be asserted against an opposing party. Civ. R. 13(A). John Doe, Policeman, and Sigmon were not involved in the previous lawsuit and thus were not parties opposed to the appellants. Since John Doe, Policeman, and Sigmon were not parties opposed to the appellants in the previous lawsuit, appellants' instant claim was not a compulsory counterclaim and not a bar to the instant lawsuit. We find that summary judgment in favor of Sigmon and John Doe, Policeman, on the basis of *res judicata* was incorrect.

Likewise, we find that McClure, Jereski, and Rohlik were not opposing parties in the previous lawsuit. In the previous lawsuit, McClure, Jereski, and Rohlik were suing in their capacity as trustees not as individuals. A person who sues in one capacity is not subject to counterclaims against him in another capacity. See 3 Moore's Federal Practice (1987), Paragraph 13.06[1]. Compare *Epinger* v. *Wade* (1944), 142 Ohio St. 460, 27 O.O. 397, 52 N.E. 2d 852. Therefore, appellants' instant claim against McClure, Jereski, and Rohlik was not a compulsory counterclaim in the previous lawsuit and is not a bar to the instant lawsuit. We find that summary judgment in favor of McClure, Jereski, and Rohlik on the basis of *res judicata* was incorrect.

### Summary

Appellants' assignment of error is sustained and the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.