OPINION
{¶ 1} On February 28, 1997, appellee, Cynthia Calloway, filed a complaint for divorce from appellant, Patrick Calloway. Appellant never responded and appellee was granted a divorce on June 6, 1997. The divorce decree awarded appellee one-half of appellant's pension and 401(k) accounts. On June 2, 2000, appellee sought and received a Qualified Domestic Relations Order regarding said accounts.
 {¶ 2} On February 28, 2001, appellant filed a complaint against appellee alleging breach of contract and fraud. Said action stemmed from a prenuptial agreement signed by the parties wherein in the event of a divorce, appellee would not be entitled to any portion of appellant's pension or 401(k) accounts. Following dismissal of this complaint and subsequent remand by this court, Calloway v. Calloway, Stark App. No. 2001CA00274, 2002-Ohio-904, appellant filed an amended complaint alleging breach of contract only on March 14, 2002. On March 27, 2002, appellee filed a motion for summary judgment on the basis of res judicata. By judgment entry filed June 17, 2002, the trial court granted said motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in granting appellee's motion for summary judgment based on the doctrine of res judicata as there are genuine issues of material fact."
 I {¶ 5} Appellant claims the trial court erred in granting appellee summary judgment on the basis of res judicata. We disagree.
 {¶ 6} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 9} In Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In its judgment entry filed June 17, 2002, the trial court specifically found the doctrine of res judicata to be applicable:
 {¶ 10} "The Court finds, in the instant case, that Plaintiff's cause of action, whereby he seeks to enforce the prenuptial agreement, existed at the time of Defendant's filing for divorce. It is a claim that could have been raised as part of the divorce proceedings, as it arises out of the same transaction or occurrence involved in the divorce proceedings. This is evidenced by the fact that the distribution of the 401K benefits (the basis of Plaintiff's claims herein) was included in the Judgment Entry of Divorce filed June 8, 1997, in Case No. 1997-DR-0324. Had Plaintiff in the within action wished to assert the validity of the prenuptial agreement, he could have appeared in the divorce proceedings and presented the issue for consideration in that case."
 {¶ 11} The amended complaint filed March 14, 2002 was a breach of contract action and sought declaratory relief. Said complaint sought a determination as to whether appellant was entitled to enforce the following liquidated damages clause in the parties' prenuptial agreement:
 {¶ 12} "As proof of `Good Faith' of both Husband and Wife upon entering into this agreement they both voluntarily agree to the following:
 {¶ 13} "1. If either party tries to invalidate any portion [of] this agreement, the party seeking the invalidation shall pay to the other party Twenty-five Thousand Dollars. ($25,000.00)." See, Article VIII of the Agreement, attached to Appellant's March 14, 2002 Amended Complaint as Exhibit A.
 {¶ 14} The amended complaint states that appellee obtained an uncontested divorce on June 6, 1997, and appellant's pension was ordered to be divided as marital property and was subject to a Qualified Domestic Relations Order.
 {¶ 15} It is undisputed that appellee received an uncontested divorce from appellant on June 6, 1997. Appellant was personally served according to law with the complaint for divorce. See, Aff. of Cynthia Calloway, attached to Appellee's March 27, 2002 Motion for Summary Judgment. Appellant never defended the divorce action nor asserted any defense or the existence of the prenuptial agreement.
 {¶ 16} Civ.R. 13(A) provides for compulsory counterclaims as follows:
 {¶ 17} "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."
 {¶ 18} Failure to assert a compulsory counterclaim pursuant to Civ.R. 13 constitutes res judicata. Quintus v. McClure (1987),41 Ohio App.3d 402.
 {¶ 19} Clearly the prenuptial agreement arose out of the impending marriage between the parties which was the subject matter of appellee's claim for divorce. Articles II, VI and VII of the Agreement specifically speak to the division of assets, custody, support, visitation and alimony. Subsection (f) of Article II speaks to the parties' respective pension plans:
 {¶ 20} "Both parties agree that should the marriage fail, then upon dissolution or divorce neither party will claim any interest in the other's pension or Social Security benefits. Wife is aware that Husband will be eligible to retire from the Timken Company in 1999, and will most likely do so."
 {¶ 21} R.C. 3105.10 and 3105.171 acknowledge a divorce decree is to be the final decision on property rights and distributive awards. The prenuptial agreement would have been a valid defense to any award requested by appellee.
 {¶ 22} Upon review, we find the claim raised in appellant's breach of contract action to be barred under the theory of issue preclusion:
 {¶ 23} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). Grava v. Parkman Twp.
(1995) 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058,1062, citing Norwood v. McDonald (1943), 142 Ohio St. 299, 27 O.O. 240,52 N.E.2d 67, paragraph one of the syllabus. Issue preclusion `precludes the relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action".' Krahn, 43 Ohio St.3d 107,538 N.E.2d at 1062, quoting Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 734, 443 N.E.2d 978, 981." Appellant's Brief at 6.
 {¶ 24} Although appellant argues this is merely a claim for liquidated damages as a result of appellee's failure to abide by the prenuptial agreement, we are not convinced it can survive under the theory of issue preclusion.
 {¶ 25} Accordingly, appellant's sole assignment of error is denied.
 {¶ 26} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Issue of pension distribution — res judicata.