[Cite as *Smith v. Bank of Am.*, 2013-Ohio-4321.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD SMITH, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | CASE NO. 11-MA-169 |
| V. | ) | |
| | ) | OPINION |
| BANK OF AMERICA, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 09CV1620

JUDGMENT: Affirmed

APPEARANCES:
For Plaintiffs-Appellants

Attorney Bruce M. Broyles
5815 Market Street
Suite 2
Boardman, Ohio 44512

For Defendants-Appellees

Attorney Anne Marie Sferra
Attorney Nelson M. Reid
Attorney Justin W. Ristau
100 South Third Street
Columbus, Ohio 43215-4291

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: September 24, 2013

DONOFRIO, J.

{¶1}   Plaintiffs-appellants Ronald and Nancy Smith (appellants) appeal the decision of the Mahoning County Common Pleas Court dismissing their amended complaint against defendants-appellees Bank of America, N.A., as Successor in interest to LaSalle Bank National Association as Trustee for certificate Holders of Bear Stearns Asset-Backed Securities LLC Asset-Back Certificate Series 2004-HES (appellee Bank of America), JP Morgan Chase Bank as Successor in interest to Bear Stearns Residential Mortgage Corporation (appellee Chase), and Encore Credit Corporation (appellee Encore)[1]. Appellants' amended complaint contained claims for declaratory relief, injunctive relief, fraudulent misrepresentation, unjust enrichment, civil conspiracy, and violations of Ohio's RICO statute. The case concerns the refinancing of the appellants' home mortgage and related transactions.

{¶2}   Since this case was disposed of below on a motion to dismiss, the only matters that can be considered are the allegations contained in appellants' amended complaint. As such, we will refer to the various paragraphs of the amended complaint by number. (¶ __.) According to the amended complaint filed on September 10, 2010, faced with mounting debt and decreased income, appellants sought to refinance the mortgages on their home (1625 Gully Top Lane, Canfield, OH 44406) in early 2004 in order to extract equity from their home for the purpose of paying those debts. (¶ 8.) Appellants sought a fixed-rate loan with the lowest interest rate for which they would qualify and a monthly payment plan that fit their budget. (¶ 8.) In January 2004, non-party Motion Financial, an agent of appellee Encore, offered appellants what they believed to be a fixed-rate mortgage loan for $528,500.00 and prepared for them a Uniform Residential Loan Application over the phone for them to sign later. (¶ 9.) The application indicated that appellants had a combined debt-to-income (DTI) ratio of 27% with base pay and quarterly bonus income listed on separate lines. (¶ 9.) According to appellants, Motion Financial provided them with a disclosure statement

---

1. While the lower court docket reflects that appellee Encore was successfully served with appellants' amended complaint and other trial court filings and judgment entries entered in this case, it never filed a response or otherwise made an appearance. Also, it has not made an appearance in these appellate proceedings and has not filed an appellate brief.

concerning a fixed-rate loan, but did not provide them with a disclosure statement for an adjustable-rate loan or other available loan options. (¶ 11.)

**{¶3}** In February 2004, Motion Financial informed appellants that the original fixed-rate loan they had qualified for would not provide a sufficient loan-to-value ratio so that appellants could extract equity in the form of cash from their home. (¶ 12.) Motion Financial informed them that the only loan for which they would qualify and allow them to extract equity would be an adjustable-rate loan requiring an appraised value of their home of $630,000.00. (¶ 12.) Statewide Appraisal, enlisted by Motion Financial, appraised the appellants' home at $570,000.00, an amount insufficient to fund the cash-out program. (¶¶ 14-15.) Statewide then performed a second appraisal which resulted in an appraised value of $630,000.00, which enabled appellants to qualify for the cash-out program under the adjustable-rate loan. (¶ 17.)

**{¶4}** Closing for the refinance loan took place in March 2004. On the day of closing, appellants alleged that Motion and appellee Encore presented to them a second loan application that changed their income information so that both base pay and bonus income were both listed as base pay. (¶ 20.) According to appellants, this resulted in their debt-to-income ratio falling within federal guidelines for loan approval. (¶ 21.) Appellants ultimately ended up in a sub-prime adjustable-rate mortgage program with a 2-year fixed rate and an adjustable rate every 6 months thereafter which they alleged was predatory and destined for default. (¶ 24.)

**{¶5}** Appellee Encore contemporaneously assigned the note and mortgage to LaSalle Bank National Association (LaSalle). Appellants defaulted on October 13, 2005, and LaSalle commenced foreclosure proceedings. *LaSalle Bank Natl. Assn. v. Smith*, Mahoning C.P. No. 05CV3869. LaSalle obtained an order and decree of foreclosure on January 12, 2007. Four years later, appellants filed separate motions for reconsideration and relief from judgment, both of which the trial court denied. They appealed those judgment entries to this court and this court affirmed. *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. No. 11 MA 85, 2012-Ohio-4040.

**{¶6}** On June 17, 2008, appellants filed an action in federal court asserting state and federal claims against Motion Financial, appellee Encore, and Bear Sterns Residential Mortgage Corporation (BSRMC). *Smith v. Encore Credit Corp.*, N.D.Ohio No. 4:08CV1462. The federal court dismissed the federal claims with prejudice and dismissed the state claims without prejudice. *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910 (N.D.Ohio 2008).

**{¶7}** Appellants then initiated this action on May 1, 2009. On September 10, 2010, they filed their amended complaint naming as defendants: appellee Bank of America; appellee Chase; appellee Encore; and John Does 1 – 10. In their amended complaint, appellants set forth claims for declaratory relief, injunctive relief, fraudulent misrepresentation, unjust enrichment, civil conspiracy, and violations of Ohio's Pattern of Corrupt Activity Act (Ohio's version of the Federal Anti-Racketeering Act – Ohio RICO or OPCA).

**{¶8}** The appellants' declaratory relief and injunctive relief claims related specifically to the foreclosure action initiated by LaSalle in *LaSalle Bank Natl. Assn. v. Smith*, Mahoning C.P. No. 05CV3869. Appellants wanted the trial court to set aside the foreclosure decree in the foreclosure case, arguing that LaSalle never possessed a full and unencumbered legal interest in the note and mortgage and, therefore, was not the real party in interest to initiate foreclosure proceedings. Appellants also argued that LaSalle falsely and fraudulently declared default since their obligation under the note was reduced or extinguished by LaSalle's resale of the note or the payment of insurance benefits on the risk of default. For injunctive relief, appellants sought to have the court stay any further proceedings in the foreclosure action.

**{¶9}** The appellants' fraudulent misrepresentation claim related to their allegation that defendants-appellees perpetrated a scheme to defraud them by knowingly and intentionally concealing material information concerning the loan such as disclosures required under federal statutes and regulations, and misrepresented other information material to the loan.

{¶10} Appellants alleged that defendants-appellees performed a "bait and switch," leaving them with a "predatory" adjustable-rate loan that unjustly enriched defendants-appellees. They also alleged that defendants-appellees' actions constituted a civil conspiracy and violated Ohio's RICO Act.

{¶11} Appellee Bank of America and appellee Chase filed motions to dismiss pursuant to Civ.R. 12(B)(1) and (6). Appellee Bank of America argued that the trial court lacked jurisdiction over appellants' declaratory and injunctive relief claims because of the jurisdictional priority rule. Under that rule, appellee Bank of America argued that the court that handled the foreclosure action had jurisdiction over the property in question first and, therefore, retained jurisdiction over it to the exclusion of courts of concurrent jurisdiction. Appellee Bank of America also argued that appellants' claim for declaratory relief was barred by the doctrine of collateral estoppel since it was already declared the real party in interest and that appellants were in default in the foreclosure action. Appellee Bank of America argued that all of appellants' claims were barred by the doctrine of res judicata, opining that each of those claims should have been brought as counterclaims in the foreclosure action. Lastly, appellee Bank of America argued that appellants' fraudulent misrepresentation, unjust enrichment, civil conspiracy, RICO claims should be dismissed on the merits for failure to state a claim upon which relief could be granted. As it pertained to appellants' claims of fraudulent misrepresentation, unjust enrichment, civil conspiracy, appellee Bank of America pointed out that it did not become a holder of the note and mortgage until after closing. As for appellants' RICO claim, appellee Bank of America argued that appellants failed to allege a pattern of corrupt activity.

{¶12} In its motion, appellee Chase argued that appellants' declaratory and injunctive relief claims should be dismissed as to it because appellee Bank of America, not appellee Chase, was the holder of the loan. Appellee Chase's motion echoed appellee Bank of America's motion with respect to the remaining claims.

**{¶13}** On May 31, 2011, the magistrate granted appellee Bank of America's motion to dismiss. The magistrate concluded that the court lacked jurisdiction over appellants' declaratory and injunctive relief claims because of the jurisdictional priority rule. The magistrate also found that declaratory relief was barred by the doctrine of collateral estoppel. Because of the related foreclosure action, the magistrate found that any claims against appellee Bank of America were barred by the doctrine of res judicata. The magistrate found that appellants' fraud and civil conspiracy claims were time-barred. In addition, the magistrate concluded that appellants' fraudulent misrepresentation, unjust enrichment, and civil conspiracy claims failed on their merits because they did not relate to conduct by appellee Bank of America. The magistrate found no merit to appellants' RICO claims against appellee Bank of America for similar reasons. The magistrate's decision did not address Chase's motion to dismiss, granting only appellee Bank of America's motion. However, the magistrate nevertheless separately noted that it was dismissing appellants' amended complaint on the merits, with prejudice to re-filing.

**{¶14}** On June 10, 2011, appellants filed purported objections to the magistrate's decision. Appellee Bank of America filed a memorandum in opposition. Appellants then filed a memorandum in support of and supplement to their objections. Appellee Bank of America filed a memorandum in opposition to that as well.

**{¶15}** On August 31, 2011, the trial court overruled appellants' objections and adopted the magistrate's decision as its own. This appeal followed.

**{¶16}** Appellants raise two assignments of error in this appeal. However, appellees Bank of America and Chase, who have filed a jointed responsive brief, initially take issue with appellants' ability to raise any assignments of error due to the alleged inadequacy of their objections to the magistrate's decision.

**{¶17}** Appellees Bank of America and Chase argue that appellants have not preserved their appellate rights because they failed to state specific objections to the magistrate's May 31, 2011 decision. Civ.R. 53(D)(3)(b)(ii) requires that objections to

a magistrate's decision be specific and state with particularity the grounds of objection. Additionally, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). Courts have held that general objections do not meet Civ.R. 53's standard. *See Thrower v. Akron,* 9th Dist. No. 21518, 2003-Ohio-5361; *Rush v. Schlagetter*, 4th Dist. No. 96CA2215, 1997 WL 193169 (Apr. 15, 1997).

{¶18} A review of appellants' objections in this case reveals that they were stated with sufficient particularity. Each of the five objections took issue with each of the five specific legal conclusions reached by the magistrate. While they were brief and not supported with any further argument or case law citations, they were nonetheless specific and stated with particularity the *grounds* for objection. The cases in which a party's objections were found not specific enough are cases in which the objecting party merely states that they are objecting to factual determinations and/or legal conclusions reached by a magistrate. *See*, *e.g.*, *Rogers v. Rogers*, 9th Dist. No. 18280, 1997 WL 795820 (Dec. 17, 1997) (holding that the statement "Plaintiff wish [sic] to object to the Findings of Fact of the Magistrate, as well as errors of law" does not meet the specificity standard of Civ.R. 53(E)(3)(b)).

{¶19} Turning to appellants' assignments of error, their first assignment of error states:

> The trial court erred in dismissing the amended complaint against Encore Credit Corporation and JP Morgan Chase Bank as Successor in interest to Bear Stearns Residential Mortgage Corporation with prejudice.

{¶20} The magistrate's decision and the trial court's subsequent adoption of that decision references only appellee Bank of America's motion to dismiss. Yet the

trial court proceeded to dismiss appellants' amended complaint on the basis of that motion alone, without reference to the other named party defendants.

{¶21} Appellants argue that the trial court erred in dismissing its amended complaint in its entirety without addressing or analyzing their claims as they related to appellee Encore and appellee Chase. In response, appellees Bank of America and Chase argue that since appellants did not raise this issue in their initial objections, their belated attempt to raise it in their supplemental memorandum, was untimely and, therefore, they waived the alleged error. Consequently, appellees Bank of America and Chase contend that this issue can be reviewed only for plain error. Appellees Bank of America and Chase argues that if the trial court's omission of a reference to appellee Encore and appellee Chase was error; it was harmless error and not plain error.

{¶22} A review of the trial court's decision in this regard does not reveal reversible error. Appellee Chase filed its own motion to dismiss. Appellants had been served with that motion and filed a response to it. Appellee Chase asserted substantially similar grounds for dismissal as were asserted by appellee Bank of America.

{¶23} If the parties are given notice and an opportunity to respond, a trial court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *See State ex rel. Edwards v. Toledo City Sch. Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). The Ohio Supreme Court has held that "[s]ua sponte dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 316, 725 N.E.2d 663 (2000).

{¶24} As indicated, appellants here were given both notice and the opportunity to respond to appellee Chase's motion to dismiss and did, in fact, file a response to that motion. Given that the trial court's reasoning and analysis applied

similarly to both appellee Bank of America and appellee Chase and the court's authority to dismiss the complaint upon its own motion, the trial court's failure to mention appellee Chase or appellee Encore by name was nonprejudicial to appellants and inconsequential under the circumstances of this case.

{¶25} Accordingly, appellants' first assignment of error is without merit.

{¶26} Appellants' second assignment of error goes to the merits of the magistrate's decision and the five objections they raised to the legal conclusions reached therein. It states:

> The trial court erred is dismissing the amended complaint with prejudice.

### *Jurisdictional Priority*

{¶27} In Count One of appellants' amended complaint, they sought a declaration that LaSalle was not the real party in interest in the foreclosure action and that the note in the foreclosure action was not in default. (¶¶ 56, 57, 64.) In Count Two, appellants sought to enjoin the sale of the property that was the subject of the foreclosure action. (¶ 70.) Because the foreclosure action had been filed concerning the subject property prior to the filing of this action, the magistrate concluded that the jurisdictional priority rule precluded it from considering appellants' claims for declaratory and injunctive relief.

{¶28} The jurisdictional priority rule provides that, as between state courts of concurrent jurisdiction, the authority of the court which first properly acquires jurisdiction over a matter retains exclusive jurisdiction until the matter is completely adjudicated. *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429, 751 N.E.2d 472 (2001).

{¶29} However, in this case, because the foreclosure action and this action were brought in the same court, appellants argue that the jurisdictional priority rule is inapplicable, citing this court's decision in *Jarvis v. Wells Fargo Bank*, 7th Dist. No. 09 CO 6, 2010-Ohio-3283. *Jarvis* involved mortgagors who sued the mortgagee

asserting claims that arose in connection with a prior foreclosure action. The foreclosure action had been filed against the mortgagors in Columbiana County Common Pleas Court in 2007. In the foreclosure action, the mortgagors had belatedly attempted to assert a number of compulsory counterclaims without leave of court. The mortgagee successfully obtained foreclosure without the court expressly addressing any of the belated counterclaims. The mortgagors appealed and this court found that the trial court had effectively overruled the counterclaims when it granted summary judgment to the mortgagee. During the pendency of that appeal, the mortgagors filed a suit of their own in the Columbiana County Common Pleas Court against the mortgagee raising the same claims that were unsuccessfully brought as counterclaims in the earlier foreclosure action. The trial court granted judgment to the mortgagee on the basis of res judicata and the mortgagors appealed that decision as well. While both appeals were pending before this court at the same time and prior to the release of this court's opinion in the original foreclosure action, the mortgagees sought to have the second appeal dismissed pursuant to the jurisdictional priority rule.

**{¶30}** This court acknowledged the jurisdictional priority rule, but noted that the rule "does not apply when two complaints are filed in the same court." *Id.* at ¶ 16, citing *Bright v. Family Medicine Found., Inc.*, 10th Dist. No. 02AP-1443, 2003-Ohio-6652, ¶ 13. Since *Jarvis* involved two complaints filed in the same court, this court found that there was no jurisdictional issue that barred this court's review of the second case in which the mortgagors sued the mortgagee.

**{¶31}** Here too, both the foreclosure action and appellants' lawsuit were filed in the same court – the Mahoning County Common Pleas Court. Therefore, under this court's *Jarvis* decision, the magistrate erred in concluding that it lacked jurisdiction over appellants' claims for declaratory and injunctive relief because of the jurisdictional priority rule. However, as will be discussed, the magistrate advanced other valid reasons to dismiss those claims.

### *Res Judicata*

**{¶32}** Appellants argue that the magistrate erred in finding that their claims were barred by the doctrine of res judicata. Appellants argue that their claims could not be barred under that doctrine because their claims were not compulsory counterclaims.

**{¶33}** "The doctrine of res judicata requires that a party to a lawsuit must present every ground for relief in that action or be forever barred from asserting any additional grounds." *Jarvis v. Wells Fargo Bank*, 7th Dist. No. 09 CO 6, 2010-Ohio-3283, ¶ 21, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit.'" (Emphasis sic.) *Id.*, citing *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986).

**{¶34}** In *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus, the Ohio Supreme Court, in explaining the doctrine of res judicata, held that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." "The doctrine of res judicata applies to those who were parties in the prior action, to those who were in privity with the litigants, and also to those who could have joined the action and did not." *Jarvis* at ¶ 22, citing *Howell v. Richardson*, 45 Ohio St.3d 365, 367, 544 N.E.2d 878, (1989); *Keeley & Assoc., Inc. v. Integrity Supply, Inc.*, 120 Ohio App.3d 1, 4, 696 N.E.2d 618 (1997).

**{¶35}** "Res judicata is particularly relevant when a party fails to present compulsory counterclaims pursuant to Civ.R. 13(A), which requires a party to raise all counterclaims against the opposing parties." *Jarvis* at ¶ 23. Civ.R. 13(A) states in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject

matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

**{¶36}** "Failure to assert a compulsory counterclaim constitutes a form of res judicata and acts as a bar to subsequent litigation." *Jarvis* at ¶ 28, citing *Forney v. Climbing Higher Ents., Inc.,* 158 Ohio App.3d 338, 2004-Ohio-4444, 815 N.E.2d 722, ¶ 20, citing *Quintus v. McClure*, 41 Ohio App.3d 402, 403-404, 536 N.E.2d 22, (1987). "The purpose of [Civ.R. 13(A)] is to settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence. *State ex rel. Massaro Corp. v. Franklin Cty. Court of Common Pleas* (1989), 65 Ohio App.3d 428, 430, 584 N.E.2d 756. The rule also provides for an orderly delineation of *res judicata, Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 275, 624 N.E.2d 245, as failure to assert a compulsory counterclaim will result in its being barred in any subsequent action. *Quintus v. McClure* (1987), 41 Ohio App.3d 402, 404, 536 N.E.2d 22." *ATAC Corp. v. Lindsay*, 8th Dist. Nos. 70293, 70294, and 70572, 1997 WL 15263, *4 (Jan. 16, 1997).

**{¶37}** The Ohio Supreme Court has held that "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Enterprises, Inc. v. Koehler* (1994), 68 Ohio St.3d 274, 626 N.E.2d 99, paragraph one of the syllabus.

**{¶38}** The Ohio Supreme Court has used the "logical relation test" to decide whether claims, "arise out of the same transaction or occurrence," as required by Rule 13(A). *Id.* at 278, 626 N.E.2d 99. The test defines a compulsory counterclaim as one that "is logically related to the opposing party's claim" and would require considerable duplication of effort by both the parties and the trial court if separate trials were permitted. *Id.*

**{¶39}** In Counts One and Two of their amended complaint, appellants sought a declaration that LaSalle was not the real party in interest in the foreclosure action

and that the note in the foreclosure action was not in default, and an injunction stopping the sale of the property that was the subject of the foreclosure action. In Counts Three through Six, they sought damages for an alleged fraud leading up to and during the closing on the loan, for alleged unjust enrichment related to the terms and conditions of the loan, and for an alleged civil conspiracy and unlawful enterprise between the various defendants related to the loan. Appellants' amended complaint reflects that their claims arose "by virtue of a mortgage loan and related inter-temporal transactions[.]" (¶ 6.)

{¶40} Each of these claims arose in connection with the loan and is logically related to LaSalle's breach of the note and foreclosure of mortgage asserted in the foreclosure action. As this court observed in *Jarvis*, "[a]ny claims that [mortgagors] have that are logically related to the mortgage and foreclosure are compulsory counterclaims to the foreclosure action." *Jarvis* at ¶ 32. Consequently, appellants' failure to assert those claims in the foreclosure action resulted in them being barred by res judicata in this subsequent litigation.

{¶41} Accordingly, appellants' second assignment of error is without merit. While the magistrate's application of the jurisdictional priority rule to appellants' claims for declaratory and injunctive relief was in error, the error was harmless. The magistrate's additional reliance on the doctrine of res judicata as a bar to appellants' claims in the present action served as a sufficient basis to justify dismissal of those claims.

{¶42} The judgment of the trial court is affirmed.

Waite, J., concurs.

DeGenaro, P.J., concurs.